[Civ. No. 9300.   Third Dist.   Apr. 17, 1958.]

In re MARY PATRICIA WALKER, a Ward of the Juvenile Court. HERSCH E. BAYES, Respondent, v. HOWARD WALKER, Appellant.

William H. McPherson for Appellant.

Edmund G. Brown, Attorney General, Doris H. Maier, Deputy Attorney General, and P. B. Lynch, District Attorney (Solano), for Respondent.

PEEK, J.—This is an appeal by the father of Mary Patricia Walker, a minor child, from an order decreeing her to be a ward of the juvenile court, committing her to a convent, and ordering the father to reimburse the county for her care and maintenance.

The record which comes to us on a settled statement shows that the probation officer of Solano County filed a verified petition alleging the minor to be a person within the provisions of section 700, subdivision (i), of the Welfare and Institutions Code in that she was beyond the control of her parents and seeking to have her declared to be a ward of the court. A citation was issued and served upon the father and the minor's stepmother. On the date set for the hearing the parents, who appeared without an attorney, were both sworn but only the father testified. Additionally there was testimony by the deputy probation officer and the child. The officer's report was considered by the court as well as a written statement by the minor which was included therein.

The settled statement shows that the minor confirmed the truthfulness of her statement set forth in the probation officer's report concerning her conduct which gave rise to the proceeding; that she did not like the conditions at her home; that she felt her parents would be happier if she were not there; that she did not care if she were there at all as long as

she might see her father and stepmother occasionally; and that if she were to remain at home she would probably continue her then course of conduct. In this regard the officer also reported that the minor had stated she felt she would like to be in a boarding school and that she would enjoy the company of girls of her own age group.

The father did not deny any of the statements contained in the report which it is now contended were erroneous. Neither did he deny that he had previously sought the advice of the probation officer concerning the best means of handling problems arising from his daughter's conduct, nor of his fear concerning her actions, nor that he had asked the officers to have her committed to the Convent of the Good Shepherd in San Francisco and had changed his mind only when he learned he would be compelled to pay for her maintenance and support at that institution. His only contention at the time of the hearing was that he felt the best place for his daughter was in his home and that the disciplinary problems which had developed had only arisen since she had been involved in an accident.

The probation officer testified that the doctor who examined the child had filed a report and would appear before the court if desired. However, this witness also stated that since the process of commitment took some time, and since the child was receiving no benefit from her then confinement in the juvenile hall, it would appear that a commitment order should be made forthwith; that if thereafter a further hearing was indicated, such commitment order could be set aside and a different disposition made if it appeared to be in the best interests of the minor. At the conclusion of the hearing the court made an order committing the minor to the custody of the juvenile court, placing her in the Convent of the Good Shepherd at county expense, and ordering that the county be reimbursed by payments from the father to the probation officer. The court further stated that because the question of the ability of the parents to bear the expense of such commitment had not been determined, the case would be continued for one week at which time the doctor would have an opportunity to appear and testify.

The record shows that on the same date, August 17, 1956, an order of commitment was signed by the court wherein it was found that all of the statements of fact ". . . contained in said petition and herein set forth are true." It was

ordered that said minor be committed to the Convent of the Good Shepherd and that the father reimburse the county of Solano for such costs. Said order was filed on the 23d of that month. At the continued hearing which was on the following day, the 24th, there were present the probation officer, the parents, their attorney and the doctor. Attorney McPherson stated, in response to a question from the court, that he was not appearing in regard to the amount to be paid by the parents; that he was there because of the question of the custody of the child, and that he desired to bring certain matters to the attention of the court before the child was taken from the parents' custody, to which the court replied, ''Well, we will see.''

The doctor testified as indicated in the probation officer's report that while he was not an expert in the particular field, he believed there was no connection between the accident and the child's behavior. He further testified that he had talked with Dr. LaTourelle of the staff of the Napa State Hospital but that no conclusion had been reached concerning her condition. Upon ascertaining that Dr. LaTourelle had suffered a heart attack, Mr. McPherson did not press his request to examine him. However, he did reiterate his statement that he desired to introduce evidence attacking the probation officer's report and said that he had witnesses in court who would so testify. He was informed by the court that it appeared that the parents had not disclosed all of the facts to counsel, the court further stating, 'We have letters, reports and conversations in the file which I do not think you are aware of and of which your client has not told you.'' Mr. McPherson then requested that he be allowed to inspect the file and the matters referred to by the court. In reply to his request the court stated that his request was too late and the same was denied. Following further examination of the father concerning his financial situation, the court issued what is entitled a modified order requiring him to pay to the probation officer of Solano County the sum of $25 per month toward the care and maintenance of his daughter at the convent.

Appellant contends (1) that the court failed to make findings of fact; (2) that the proceedings in the juvenile court were irregular in that [a] counsel for appellant was refused the opportunity to produce witnesses, [b] secret reports were made to the court without affording appellant an opportunity for the witnesses to testify, and [c] certain documents, letters and evidence in the file were presented to the court without the

presence of the child or her parents, and without allowing counsel the right to inspect the same; (3) that the placement of the child was in violation of sections 551 and 552 of the Welfare and Institutions Code; and (4) that the trial court abused its discretion in depriving the parents of the child's custody.

We find no merit in appellant's first contention. It is sufficient compliance with the provisions of section 735, Welfare and Institutions Code, where as in the present case the court finds that all of the allegations contained in the petition are true. (*In re Corrigan*, 134 Cal.App.2d 751 [286 P.2d 32].)

Appellant's second contention is likewise without merit. Neither the settled statement which is before the court, nor the record in the trial court which was requested on appeal disclose that any matters outside of the record were considered by the court or in any way affected its determination of the case. Certainly there would be no need for citation of authority to conclude that had such been the case a reversal would be warranted. In view of the sufficiency of the evidence to support the conclusion of the court, it cannot be said that the court abused its discretion in ordering a commitment of the child.

It would further appear that even if we were to conclude that the order of August 17 was not final, in that the court had reopened the case for further evidence on the 24th, nevertheless the evidence which counsel offered related to matters not sufficiently pertinent to the basic issue before the court, the welfare of the child, to justify a conclusion by this court that a different determination probably would have been made had such evidence been before the court. (See *In re Dargo*, 81 Cal.App.2d 205 [183 P.2d 282].)

Appellant's next contention regarding an alleged private interview by the probation officer with one of the minor's school teachers, and a secret report to the court, assumes facts not supported by the agreed statement and hence is without merit. In fact the record is to the contrary. It shows that the judge was informed in open court that the manner of grading children in the Vallejo school system was too indefinite to form any basis for a determination of the child's scholastic attainments, and hence no testimony thereon was taken since under the circumstances it would have been meaningless.

At the hearing on the 24th the appellant was given

the opportunity of choosing between a protestant school in southern California and. the Convent of the Good Shepherd in San Francisco, a Catholic school. He did not deny he had originally suggested the San Francisco school to the probation officer. The other alternative was the southern California school, obviously so far removed from the appellant's home that any visitation by him with his daughter could only be accomplished at considerable expense. The provisions of sections 551 and 552 of the Welfare and Institutions Code are not mandatory. It is the welfare of the child which is of paramount consideration. Hence we cannot say that under the circumstances the order of the court was not for the best interests of the child.

What has heretofore been said is also determinative of appellant's final contention, that the court abused its discretion in making the order now attacked, and hence warrants no further discussion.

The order is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.