40 Cal.App.3d 633 (1974)
115 Cal. Rptr. 553
In re J.T. et al., Persons Coming Under the Juvenile Court Law.
JOSEPH J. BOTKA, as Chief Probation Officer, etc., Plaintiff and Respondent,
v.
SANDRA T., Defendant and Appellant.
Docket No. 33702.
Court of Appeals of California, First District, Division One.
July 12, 1974.
*636 COUNSEL
Gilbert T. Graham for Defendant and Appellant.
Thomas M. O'Connor, City Attorney, and Marie Burke Lia, Deputy City Attorney, for Plaintiff and Respondent.
OPINION
MOLINARI, P.J.
Appellant, mother of the minors involved in the instant juvenile court proceeding, appeals from the jurisdictional and dispositional orders of said court pursuant to which orders and the provisions of subdivision (a) of section 600 of the Welfare and Institutions Code,[1] said minors were adjudged to be dependent children of the court. She makes four contentions: (1) That subdivision (a) of section 600 is unconstitutional because it is vague; (2) that the petition by which the instant proceedings were commenced did not give appellant meaningful notice of the charges against her as required by the due process clauses of the federal and California Constitutions and subdivision (f) of section 656; (3) that appellant was entitled, under the guarantee of due process, to findings of fact and conclusions of law; and (4) that the allegations of the petition that appellant was not capable of exercising effective care and control over her children were not established by a preponderance of the evidence.[2]
(1a) We consider the first contention. Subdivision (a) of section 600 provides that any person under the age of 18 years may be adjudged to be a dependent child of the court "Who is in need of proper and effective parental care or control and has no parent or guardian, or has no parent or guardian willing to exercise or capable of exercising such care or control, or has no parent or guardian actually exercising such care or control." Appellant asserts that this provision is unconstitutionally vague because it is impossible to conjecture, speculate, or surmise what specific acts or which specific conduct may be adjudged to demonstrate a parent was not exercising or capable of exercising "proper and effective parental care or control."
*637 (2) A parent in a dependency proceeding is entitled to due process of law. (In re Gault, 387 U.S. 1, 30 [18 L.Ed.2d 527, 547-548, 87 S.Ct. 1428]; In re Neal D., 23 Cal. App.3d 1045, 1048 [100 Cal. Rptr. 706]; Lois R. v. Superior Court, 19 Cal. App.3d 895, 901 [97 Cal. Rptr. 158]; and see Holt v. Superior Court, 186 Cal. App.2d 524, 526 [9 Cal. Rptr. 353].) Due process requires that a person be given notice of what conduct is prohibited by the statute in question. (In re Gault, supra, at pp. 33-34 [18 L.Ed.2d at pp. 549-550]; Giaccio v. Pennsylvania, 382 U.S. 399, 402-403 [15 L.Ed.2d 447, 449-450, 86 S.Ct. 518]; In re Neal D., supra.)
(3) However, all that is required is reasonable certainty and a statute will not be held void for uncertainty if any reasonable and practical construction can be given to its language. (American Civil Liberties Union v. Board of Education, 59 Cal.2d 203, 218 [28 Cal. Rptr. 700, 379 P.2d 4] [cert. den., 375 U.S. 823 (11 L.Ed.2d 56, 84 S.Ct. 64)]; In re Baby Boy T., 9 Cal. App.3d 815, 818 [88 Cal. Rptr. 418]; see People v. Kennedy, 21 Cal. App.2d 185, 193 [69 P.2d 224].) Accordingly, where a statute employs words of long usage or with common law meaning it will be considered sufficiently certain. (Lorenson v. Superior Court, 35 Cal.2d 49, 60 [216 P.2d 859]; People v. Deibert, 117 Cal. App.2d 410, 418 [256 P.2d 355].)
(1b) The term "parental control" has been defined in only one California case. In Marr v. Superior Court, 114 Cal. App.2d 527, 530 [250 P.2d 739], the court said: "Parental control means such control as parents ordinarily exercise and the phrase carries with it the implication of the purpose of parental control over such an infant, that is, its proper care and support, the usual incidents of the exercise of control over it." (See In re Baby Boy T., supra, 9 Cal. App.3d 815, 819.)
In In re Corrigan, 134 Cal. App.2d 751, 756 [286 P.2d 32], we find this pertinent statement: "The capability of a parent to exercise proper parental control is largely determined by external standards and the likely effect continued misconduct will ultimately have on the welfare of a child as it grows up and realizes the significance of such misbehavior rather than the immediate effect upon the child, particularly where it is very young. It is the conduct of the parent which determines whether he or she is capable of exercising proper parental control." (See also In re Raya, 255 Cal. App.2d 260, 264 [63 Cal. Rptr. 252].)
Raya, speaking of the phrase "proper and effective" states: "The phrase `proper and effective' offers at best a dim light to discern the point at which a juvenile court is authorized to invade and supplant a parent-child *638 relationship. In one sense the phrase expresses an objective identical with the judicially expressed goal of the child's welfare. In another sense it connotes parental fitness or unfitness. [Citation.]" (255 Cal. App.2d at p. 264.)
In Baby Boy T., the phrase "proper manner" with respect to the support of a child as then provided in subdivision (g) of Civil Code section 232 was challenged.[3] The objection was that nothing in the language of the statute or in any other source succinctly informed a parent of the meaning of the phrase "proper manner." The court upheld the statute by construing it with other statutory provisions including section 600, subdivision (a). (9 Cal. App.3d 815, 818-819.) The reviewing court also noted that Penal Code section 270 defines the duty of a parent with respect to the support of a child as follows: "... to furnish necessary clothing, food, shelter or medical attention or other remedial care for his child" and that in the light of the duty so defined subdivision (g) of section 232 of the Civil Code was reasonably certain in the use of the term "proper manner" with respect to the support of a child. (At p. 819; see also People v. Vassar, 207 Cal. App.2d 318, 322-323 [24 Cal. Rptr. 481]; In re Porterfield, 28 Cal.2d 91, 100 [168 P.2d 706].)
The gist of Baby Boy T. is that a statute will not be held void for uncertainty if its terms may be made reasonably certain by reference to other definable sources. (9 Cal. App.3d at p. 818; see People v. Victor, 62 Cal.2d 280, 300 [42 Cal. Rptr. 199, 398 P.2d 391].) In the instant case subdivision (a) of section 600 may be made reasonably certain by reference to the other definable sources hereinabove alluded to which delineate the meaning of "effective parental care or control" in the context of a parent's fitness or unfitness in the proper care and support of his or her child. We conclude, therefore, that although subdivision (a) of section 600 is not a model of specificity, it gives fair notice of the evil to be combatted in language giving fair notice to a parent that in the proper care and support of his or her child the parent must exercise such control over the child as parents ordinarily exercise. Accordingly, we conclude that the statute is not too indefinite to be enforced. (See People v. Deibert, supra, 117 Cal. App.2d 410, 418.)
*639 (4a) We turn, now, to the next issue: Was appellant given meaningful notice of the charges against her? In this connection we first take note of the provisions of subdivision (f) of section 656 which provides as follows: "A petition to commence proceedings in the juvenile court to declare a minor a ward or a dependent child of the court shall be verified and must contain:... [¶] (f) A concise statement of facts, separately stated, to support the conclusion that the minor upon whose behalf the petition is being brought is a person within the definition of each of the sections and subdivisions under which the proceedings are being instituted."
The petition filed against appellant alleges that she "evidences immaturity and demonstrates a life style contrary to the welfare and best interests of said persons, all to such degree as to make her inadequate to the care and supervision of said persons" and that therefore the children are in need of proper and effective parental care and control. This petition was demurred to on the grounds that it failed to state facts sufficient to constitute a cause of action against appellant and that it was uncertain, ambiguous and unintelligible. The demurrer was overruled.
(5) Notice of the allegations upon which the deprivation of custody is predicated is fundamental to due process. (In re Gault, supra, 387 U.S. 1, 30-31 [18 L.Ed.2d 527, 547-548]; In re Neal D., supra, 23 Cal. App.3d 1045, 1048.) Accordingly, a parent must be given notice of the specific factual allegations against him or her with sufficient particularity to permit him or her to properly meet the charge. (In re Gault, supra, at p. 33 [18 L.Ed.2d at p. 549]; In re Neal D., supra.) (4b) In the instant case the charges in the petition do not state facts as required by section 656, subdivision (f), with sufficient particularity to support the conclusion that appellant did not exercise proper and effective parental control over her children or that the children were not properly cared for, or that appellant was not caring for them. The charges are conclusory descriptions of appellant's way of life and show no effect of such way of life on the children. The charges "immaturity" and "life style" contrary to the best interests of the children do not give appellant any indication of what type of evidence would be relevant to a defense against said charges.
(6) The necessity for a statement of the facts upon which deprivation of custody is predicated is made apparent by the following pertinent observations in Raya: "... the statutory criterion of improper and ineffective parental care denotes a fairly extreme case. A dominant parental right to custody of the child pervades our law. [Citations.] ... [T]he dominating right of a parent to custody of his child plays a role in the interpretation of section 600, subdivision (a). Many homes, however blessed *640 by marital vows, fall short of an ideal environment for children. It may be safely assumed that the Juvenile Court Law was not intended to expose such homes to wholesale intervention by public authorities. `It is cardinal with us that the custody, care and nurture of the child reside first in the parents, whose primary function and freedom include preparation for obligations the state can neither supply nor hinder.' [Citations.] Thus before section 600, subdivision (a), authorizes the drastic step of judicial intervention, some threshold level of deficiency is demanded. Although a home environment may appear deficient when measured by dominant socioeconomic standards, interposition by the powerful arm of the public authorities may lead to worse alternatives. A juvenile court may possess no magic wand to create a replacement for a home which falls short of ideal. California appellate decisions in wardship cases of the `dependent child' variety demonstrate rather extreme cases of neglect, cruelty or continuing exposure to immorality. [Citations.]" (Fns. omitted.) (255 Cal. App.2d 260, 265; see Lois R. v. Superior Court, supra, 19 Cal. App.3d 895, 901; In re A.J., 274 Cal. App.2d 199, 201-202 [78 Cal. Rptr. 880].)
(4c) The deficiency in failing to give notice to appellant of the specific factual allegations upon which the deprivation of custody was predicated is further demonstrated by the "findings" made by the court. The court found that the father "evidences ineffectuality in assuming the care and supervision of the ... minors," and that the mother "evidences immaturity and exhibits a pattern of behavior in her daily living habits and child-care which is inimical to the welfare and best interests of these minors; ..." (7) Appellant contends that she was entitled to findings of fact specifying the conduct upon which the deprivation of her children was based and appropriate conclusions of law predicated on such findings.
It has been held in this state that the Juvenile Court Law does not require the making of specific findings and that a general finding that the allegations of the petition are true is sufficient to show the facts upon which the court exercised its jurisdiction to declare the minor a ward or dependent child of the court. (In re Walker, 159 Cal. App.2d 463, 467 [324 P.2d 32]; In re Corrigan, supra, 134 Cal. App.2d 751, 757; In re Gutierrez, 46 Cal. App. 94, 96 [188 P. 1004].) This rule presupposes, however, that the allegations of the petition state appropriate ultimate facts which set forth the specific charge or factual allegations upon which an adjudication is sought declaring the minor to be a person described by sections 600, 601, or 602.
*641 With respect to "findings" we observe that section 702 provides, in pertinent part: "After hearing such evidence, the court shall make a finding, noted in the minutes of the court, whether or not the minor is a person described by Sections 600, 601, or 602.... If the court finds that the minor is such a person, it shall make and enter its findings and order accordingly and shall then proceed to hear evidence on the question of the proper disposition to be made of the minor...." (Italics added.) We apprehend the word "finding" in the statute (above italicized) to have reference to the conclusion of law drawn by the court that the minor is a person described by sections 600, 601, or 602. However, the subsequent reference in the statute to "findings" clearly directs attention to the findings of fact upon which said conclusion is predicated. Such findings, as in the case of civil trials, should state ultimate facts and not evidentiary facts or conclusions of law and in determining their sufficiency they are subject to the same tests as are applied in determining the sufficiency of the allegations in a pleading. (McCarthy v. Brown, 113 Cal. 15, 17-18 [45 P. 14]; Miller v. Gusta, 103 Cal. App. 32, 37-38 [283 P. 946].)
With particular reference to section 600, we note the following pertinent provisions of section 725, subdivision (c): "After receiving and considering the evidence on the proper disposition of the case, the court may enter judgment as follows: ... (c) If the court has found that the minor is a person described by Section 600, it may order and adjudge the minor to be a dependent child of the court." We specifically also take cognizance of section 726 which provides: "In all cases wherein a minor is adjudged a ward or dependent child of the court, the court may limit the control to be exercised over such ward or dependent child by any parent or guardian and shall by its order clearly and specifically set forth all such limitations, but no ward or dependent child shall be taken from the physical custody of a parent or guardian unless upon the hearing the court finds one of the following facts: [¶] (a) That the parent or guardian is incapable of providing or has failed or neglected to provide proper maintenance, training, and education for the minor. [¶] (b) That the minor has been tried on probation in such custody and has failed to reform. [¶] (c) That the welfare of the minor requires that his custody be taken from his parent or guardian."
We apprehend the reference to finding the "facts" delineated in subdivisions (a), (b) and (c) to be in the nature of conclusions of law predicated upon findings of fact from which an adjudication can be made that the minor is a ward or dependent child of the court.
With respect to the necessity for findings of fact in the instance we have indicated, we take cognizance of recent decisions indicating that due process *642 requires that such findings be made in order to memorialize decisions arrived at through adversary proceedings so that a litigant may be apprised of the tribunal's reasons for its decision and as a basis for the review. (See In re Sturm, 11 Cal.3d 258, 267 [113 Cal. Rptr. 361, 521 P.2d 97]; Topanga Assn. for a Scenic Community v. County of Los Angeles, 11 Cal.3d 506, 513-514 [113 Cal. Rptr. 836, 522 P.2d 12]; In re B.G., 11 Cal.3d 679, 699 [114 Cal. Rptr. 444, 523 P.2d 244].)
We conclude, therefore, that the proceeding denied appellant due process of law and that the orders appealed from must be reversed. This conclusion makes it unnecessary to determine whether the conclusionary allegations of the petition and the purported findings were established by a preponderance of the evidence.
The order adjudging the minors to be dependent children of the juvenile court and the order for their physical custody under the supervision of the probation officer are reversed with directions to dismiss the petition seeking a determination that the minors come within the provisions of subdivision (a) of section 600.
Sims, J., and Elkington, J., concurred.
NOTES
[1] Unless otherwise indicated all statutory references are to the Welfare and Institutions Code.
[2] In her opening brief appellant presented other issues but these were expressly abandoned at oral argument.
[3] Civil Code section 232, since amended, provided, in pertinent part, as follows: "An action may be brought for the purpose of having any person under the age of 21 years declared free from the custody and control of either or both of his parents when such person comes within any of the following descriptions: ... (g) Whose parent or parents are, and will remain incapable of supporting or controlling the child in a proper manner because of mental deficiency or mental illness, ...." (Italics added.)