[No. D015141. Fourth Dist., Div. One. July 6, 1992.]

In re TOMMY E., a Person Coming Under the Juvenile Court Law.
SAN DIEGO COUNTY DEPARTMENT OF SOCIAL SERVICES,
Plaintiff and Respondent, v.
TOMMY E., Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts II and III.

**COUNSEL**

Stuart A. Skelton, under appointment by the Court of Appeal, for Defendant and Appellant.

Lloyd M. Harmon, Jr., County Counsel, Diane Bardsley, Chief Deputy County Counsel, and Gary C. Seiser, Deputy County Counsel, for Plaintiff and Respondent.

**OPINION**

**WORK, J.**—Tommy E. appeals jurisdictional and dispositional orders declaring his two-year-old son Tommy E., Jr., a dependent child (Welf. & Inst. Code,[1] § 300, subd. (b)) and removing him from his home (§ 361, subd. (b)(1)).

The child was born May 17, 1989, to the father and Lorna M. When the parents separated in November 1990, the child remained with his father. On May 17, 1991, the father was arrested for abusing his live-in girlfriend and the child remained with the girlfriend. Released six days later, the father returned home to find the child would not eat, drink or get out of bed. On June 3, the father took the child to the hospital, accusing his girlfriend of giving the child drugs. A drug test on the child was negative. Dr. Ponaman diagnosed the child as suffering "nonorganic failure to thrive." On June 7, the juvenile court ordered the child detained. On August 2, after the parents submitted the matter on the social study, the court declared the child dependent and ordered the child detained in a foster home with discretion in the department of social services (Department) to place him with the mother upon approval of her new residence.

The father contends the jurisdictional and dispositional orders are not supported by the evidence.

I

The Department first contends the father waived his right to contest the jurisdictional findings on appeal, because he agreed to submit the

---

[1]All statutory references are to the Welfare and Institutions Code.

jurisdictional determination on the information provided to the court in the social services report. (Cal. Rules of Court,[2] rule 1449(e).) The Department bases its position by equating a submission as described in that subdivision with the alternative plea of no contest and the admission permitted by that rule.

An admission that the allegations of a dependency petition are true effectively waives objections to the technical sufficiency of the pleading. (*In re Rodger H.* (1991) 228 Cal.App.3d 1174, 1181 [279 Cal.Rptr. 406].) A no contest plea has the same effect. In this regard, the juvenile court proceedings conform exactly to statutory plea procedures in criminal cases. ■ Although there is no equivalent Penal Code statute authorizing submission of a case, the procedure of submitting criminal matters on evidentiary records established at preliminary hearings is well established. These "slow plea" proceedings are recognized as being tantamount to guilty pleas in the context of cases where the uncontested evidence is clearly sufficient to support a conviction as a matter of law. (*In re Mosley* (1970) 1 Cal.3d 913, 924-925 [83 Cal.Rptr. 809, 464 P.2d 473].) In those circumstances, no submission will be effective absent a personal waiver of constitutional rights to plead not guilty, to jury trial, to confront and cross-examine adverse witnesses and to present evidence on a defendant's own behalf. Although clearly *tantamount* to guilty pleas under these circumstances, the Supreme Court has expressly disclaimed an intent to find such submissions are the functional equivalent of guilty pleas in all respects. (See *Bunnell* v. *Superior Court* (1975) 13 Cal.3d 592, 602-603 [119 Cal.Rptr. 302, 531 P.2d 1086].) Instead, it is clear even submission of cases where conviction is the only logically foreseeable outcome are considered trials, and require the court to weigh evidence, make evidentiary findings and apply relevant law to determine whether the case has been proved. The Supreme Court has clearly stated that even bargained for submissions are not to be treated as pleas of guilty, and on reversal the verdicts rendered on them are subject to double jeopardy protections. (*Id.* at pp. 602, fn. 4, 603.) In particular, the right to challenge a conviction on the basis it is not supported by sufficient evidence is not diminished by having the case submitted on transcripts. (*People* v. *Martin* (1973) 9 Cal.3d 687, 693 [108 Cal.Rptr. 809, 511 P.2d 1161].)

■ Although vigorously asserting its waiver argument in a preliminary motion to dismiss the appeal, in its responding brief and in oral argument at calendar, the Department failed to cite any of the abundant relevant decisional authority on this issue. Instead, it relied on case law and statutes which hold a party's failure to object to evidentiary and procedural errors at trial effectively waives appeal of those issues. Its citations are accurate but inapposite.

---

[2] All rule references are to the California Rules of Court.

Although not presented in either its written motion to dismiss or appellate brief, the Department argued orally that its position also is supported by a plain reading of the court rules. That is, it argues rule 1449(e) sets out three permissible alternatives which would avoid entering a denial to the dependency petition and engaging in a contested hearing: admission, no contest or submission. The Department notes that rule 1449(f) states that upon either of these alternatives being elected the court *shall* make certain findings including "[t]he child is described under one or more specific subdivisions of section 300." (Rule 1449(f)(8).) Further, it points out rule 1449(g) states: "After accepting an admission, plea of no contest, or submission, the court shall proceed to disposition hearing under rules 1451 and 1455." The Department asserts the nondiscretionary language in the cited subdivisions apply equally to submissions and to admissions, removing any jurisdictional factfinding responsibility from the court in both instances. However, this analysis not only would produce a result inconsistent with the historical treatment of submissions in criminal cases, it ignores the significance of that part of rule 1449(e) which permits the parent to elect to "submit the jurisdictional determination to the court based on the information provided to the court, . . ." This language clearly distinguishes the effect of a submission from those admissions and no contest pleas which do not require the court to weigh the evidence submitted before determining jurisdiction.

Finally, our analysis comports with the representations provided by the juvenile court's printed form which it had the father initial, sign and file as evidence of submission. This document, entitled "Statement Upon Submission of Report(s)—Dependency Petition" includes a pertinent printed paragraph initialed by the father as follows.

"2. I desire to have the court read the report(s) of the Social Worker (and any attachments thereto) and for the court to consider such report(s) (and attachments) as the only evidence in this matter. I understand that the court will not consider any other evidence in deciding whether or not the Petition is true."

In addition, in section 6 of that printed form states:

"I understand that I give up these trial rights *if I allow the court to decide whether or not the Petition is true, solely on the basis of the Social Worker's reports and any attachments thereto.*" (Italics added.)

Moreover, the court's admonishments at the time of the submission stated one of the potential consequences of the submission would be a true finding on the petition's allegation.

Accordingly, because we conclude the Department's argument is incorrect on its general analysis of the pertinent law and on the facts underlying the submission in this specific case as defined by the court's own printed form, we deny the motion to dismiss.

## II, III*

. . . . . . . . . . . . . . . . . . . . . . . . . .

Orders affirmed.

Kremer, P. J., and Froehlich, J., concurred.

---

*See footnote, *ante*, page 1234