[No. C022795. Third Dist. Nov. 6, 1996.]

In re ALYSHA S., a Person Coming Under the Juvenile Court Law.
SAN JOAQUIN COUNTY DEPARTMENT OF HUMAN SERVICES,
Plaintiff and Respondent, v.
EDWARD S., Defendant and Appellant.

## COUNSEL

William H. D. Fernholz, under appointment by the Court of Appeal, for Defendant and Appellant.

Terrence R. Dermody, County Counsel, David Wooten, Carol Dahle Stiles and Lawrence P. Meyers, Deputy County Counsel, for Plaintiff and Respondent.

## OPINION

MORRISON, J.—Edward S., the father of the minor, appeals from juvenile court orders declaring the minor to be a dependent child of the court and removing her from his custody. (Welf. & Inst. Code, §§ 360, 395; further section references are to the Welfare and Institutions Code.) The mother is not involved in this appeal. Father contends the allegations sustained at the jurisdiction hearing do not support the finding of jurisdiction. We agree.

On September 7, 1995, at a contested jurisdictional hearing, the parties agreed to amend the petition and submit jurisdiction on the reports. Contrary to a suggestion by the San Joaquin County Department of Human Services (the Department), this was not a concession of jurisdiction. (See *In re Tommy E.* (1992) 7 Cal.App.4th 1234 [9 Cal.Rptr.2d 402].) A typed copy of the

amended allegations was filed on October 19, 1995. This section 300 form petition (Judicial Council of Cal. form JV-121, eff. July 1, 1991) alleges the following.

The minor was born in February 1992, was detained in June 1995, and was now placed in a "Satellite Home." The form page for "failure to protect" under section 300, subdivision (b) was used. The form allegations are as follows: "The child has suffered, or there is a substantial risk that the child will suffer, serious physical harm or illness, [¶] as a result of the failure or inability of his or her parent or legal guardian to supervise or protect the child adequately[,] . . . [¶] by the inability of the parent or legal guardian to provide regular care for the child due to the parent's or legal guardian's mental illness, developmental disability, or substance abuse."

The typed "supporting facts" are as follows:

"Prior to July 1994, while the minor was an infant and toddler, the mother observed the father to touch the minor on the buttocks and vaginal area in a way that seemed to her inappropriate. The father denies having any sexual intent, but is willing to attend counseling and parenting education to learn appropriate physical interactions between a father and daughter.

"The father was physically abusive and violent to the mother and was arrested and incarcerated for domestic violence against the mother in July of 1994.

"The mother initially obtained a restraining order against the father, however in November 1994 she had the restraining order dropped in spite of advice by Child Protective Services not to do so, and resumed living with the father."

Much of the information on which jurisdiction was submitted was not embraced by the amended petition. The court found the amended petition true.

A petition, in a manner similar to a civil complaint, must contain "A concise statement of facts, separately stated, to support the conclusion that the minor upon whose behalf the petition is being brought is a person within the definition of each of the sections and subdivisions under which the proceedings are being instituted." (§ 332, subd. (f).) ▇▇ Father contends the allegations cannot support a finding of jurisdiction under section 300, subdivision (b). Contrary to an erroneous assumption by the Department, this is *not* a no substantial evidence claim; it is a claim of failure to state a cause of action.

We have characterized such a challenge as "akin" to a demurrer. (*In re Fred J.* (1979) 89 Cal.App.3d 168, 176 & fn. 4 [152 Cal.Rptr. 327]; see *In re Troy D.* (1989) 215 Cal.App.3d 889, 896 [263 Cal.Rptr. 869]; *In re J. T.* (1974) 40 Cal.App.3d 633, 639 [115 Cal.Rptr. 553].) Although in one case we suggested that the sufficiency of a petition *should* be tested in the trial court (*In re Fred J.*, *supra*, 89 Cal.App.3d at pp. 176-177), we did not hold initial review in this court was precluded. In the analogous civil context, such claim may be raised on appeal in the first instance. " 'If the party against whom a complaint or a cross-complaint has been filed fails to object to the pleading, either by demurrer or answer, that party is deemed to have waived the objection unless it is . . . an objection that the pleading does not state facts sufficient to constitute a cause of action.' (Code Civ. Proc., § 430.80, subd. (a); *Buford* v. *State of California* [(1980) 104 Cal.App.3d 811,] 826 [164 Cal.Rptr. 264]; 5 Witkin, Cal. Procedure [(3d ed. 1985)] Pleading, § 908, p. 346.)" (*Walton* v. *City of Red Bluff* (1991) 2 Cal.App.4th 117, 130 [3 Cal.Rptr.2d 275].) The same rule obtains herein.

The amended petition was based on section 300, subdivision (b). A cause of action in dependency under this provision requires proof that "[t]he minor has suffered, or there is a substantial risk that the minor will suffer, serious physical harm or illness, as a result of the failure or inability of his or her parent . . . to adequately supervise or protect the minor." Further, "The minor shall continue to be a dependent child pursuant to this subdivision *only so long as is necessary to protect the minor* from risk of suffering serious physical harm or illness." (§ 300, subd. (b), italics added.)

Contrary to father's position, a jurisdictional finding good against one parent is good against both. More accurately, the minor is a dependent if the actions of either parent bring her within one of the statutory definitions of a dependent. (*In re Jeffrey P.* (1990) 218 Cal.App.3d 1548, 1553-1554 [267 Cal.Rptr. 764]; see 2 Cal. Juvenile Court Practice (Cont.Ed.Bar Supp. 1996) Initiating Dependency Proceedings, § 15.5, p. 13.) This accords with the purpose of a dependency proceeding, which is to protect the child, rather than prosecute the parent. (See, e.g., *In re Malinda S.* (1990) 51 Cal.3d 368, 384 [272 Cal.Rptr. 787, 795 P.2d 1244].)

We construe well-pleaded facts in favor of the petition (see *Blank* v. *Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58]) to determine if the Department pleaded a parent failed to "supervise or protect the minor[.]" (§ 300, subd. (b).)

The only pleaded fact relating to a failure to *supervise* the minor is that the father was incarcerated and presumably he was unable to supervise

the minor then. But the pleading further alleges the mother is now living with the father, thus he is no longer unable to supervise the minor by reason of incarceration. We address this theory no further.

As for failure to protect the minor, there are two possible theories. A father who repeatedly beats the mother in the presence of the child may well expose the child to emotional trauma and therefore, "fail to protect" the child. There are no pleaded facts supporting this theory. The pleaded facts are: "The father was physically abusive and violent to the mother and was arrested and incarcerated for domestic violence against the mother in July of 1994. [¶] The mother initially obtained a restraining order against the father, however in November 1994 she had the restraining order dropped in spite of advice by Child Protective Services not to do so, and resumed living with the father." Even construing this pleading expansively to allege more than one instance of violence against the mother, it does not allege that the violence was perceived by or affected the child and did not establish a "failure to protect" her. (Cf. *In re Basilio T.* (1992) 4 Cal.App.4th 155, 169 [5 Cal.Rptr.2d 450] [uncorrected pattern of violence "which apparently involved the minors"].)

The remaining theory is that the father touched the minor's buttocks and vagina, which touchings were lewd acts, therefore the father failed to "protect" her from himself, or the mother failed to protect the minor from the father.

The appropriate statutory font of jurisdiction for such an allegation is section 300, subdivision (d), which provides jurisdiction when "The minor has been sexually abused, or there is a substantial risk that the minor will be sexually abused . . . by his or her parent[.]" This subdivision was pleaded in the original petition (with additional facts) and expressly discarded by the parties in the course of stipulating to an amended petition. But contrary to the father's position, nothing in the abandonment of the sexual abuse statutory ground precludes the Department from arguing the pleaded facts establish a cause of action under section 300, subdivision (b), notwithstanding that they might also establish a cause of action under subdivision (d).

The father contends the pleading is defective because "The Department has never alleged" that the minor would likely suffer serious physical harm. It may be inferred from the fact of a lewd touching that the victim suffered serious physical harm; however, the pleading does not allege that any such touching continued beyond July 1994 and therefore the petition, over one

year later, does not establish that the minor is currently at any risk of serious physical harm. The statute provides "The minor shall continue to be a dependent child pursuant to this subdivision *only so long as is necessary to protect the minor* from risk of suffering serious physical harm or illness." (§ 300, subd. (b), italics added.)

■ "Subdivision (b) means what it says. Before courts and agencies can exert jurisdiction under section 300, subdivision (b), there must be evidence indicating that the child is exposed to a *substantial* risk of *serious physical* harm or illness.

"In determining what constitutes a substantial risk of serious physical harm, some general guidance may be drawn from subdivision (a) of section 300, which uses the same language to authorize jurisdiction where '[t]he minor has suffered, or there is a substantial risk that the minor will suffer, serious physical harm inflicted nonaccidentally upon the minor by the minor's parent or guardian.' For purposes of that subdivision, 'a court may find there is a substantial risk of serious future injury based on the manner in which a less serious injury was inflicted, a history of repeated inflictions of injuries on the minor or the minor's siblings, or a combination of these and other actions by the parent or guardian which indicate the child is at risk of serious physical harm.' (§ 300, subd. (a).)" (*In re Rocco M.* (1991) 1 Cal.App.4th 814, 823 [2 Cal.Rptr.2d 429], original italics.)

■ There are no allegations as to the severity of any physical harm resulting from the alleged touchings. There are no allegations indicating " 'the acts may continue in the future. [Citations.]' " (*In re Rocco M., supra,* 1 Cal.App.4th at p. 824.) All that is alleged is that the father, over one year ago, touched the minor's privates in a manner the mother felt was inappropriate. That alone does not now establish a reason for state interference with the family.

As we have said before in another context, a pleading is not merely "a ticket to the courtroom which may be discarded after admission." (*FPI Development, Inc.* v. *Nakashima* (1991) 231 Cal.App.3d 367, 381 [282 Cal.Rptr. 508].) We have also previously noted that the special nature of juvenile court proceedings means that not all rules applicable to civil cases necessarily apply to juvenile cases. (See *In re Fred J., supra,* 89 Cal.App.3d at p. 176, fn. 4.) But a facially sufficient petition *is* necessary. This does not require the pleader to regurgitate the contents of the social worker's report into a petition, it merely requires the pleading of essential facts establishing

at least one ground of juvenile court jurisdiction. Our conclusion does not mean the Department cannot try again.

#### DISPOSITION

The judgment (juvenile court orders) is reversed.

Puglia, P. J., and Raye, J., concurred.

Respondent's petition for review by the Supreme Court was denied February 19, 1997. Kennard, J., was of the opinion that the petition should be granted.