[Civ. No. 55844. Second Dist., Div. Four. Apr. 23, 1980.]

JAMES CHEVALIER, Plaintiff and Respondent, v.
HARRY DUBIN, Defendant and Appellant.

COUNSEL

Merle H. Horwitz for Defendant and Appellant.

Voorhies, Greene, O'Reilly, Agnew & Broillet and Bruce A. Broillet for Plaintiff and Respondent.

OPINION

WONG, J.*—This is an appeal from a judgment in an assault and battery case, awarding respondent $27,500 in compensatory damages and $75,000 in punitive damages. The verdict of the jury was for $27,500 in compensatory damages and $150,000 in punitive damages, but the court granted a motion for a new trial unless respondent would remit $75,000 of the punitive damage award. Respondent then filed a remittitur consenting to the reduction.

*Assigned by the Chairperson of the Judicial Council.

At the trial, respondent, a school teacher, testified that appellant Harry Dubin struck him on the nose with a pair of channel lock pliers in an unprovoked attack, resulting in fractures of respondent's nose. On the day of the accident surgery was performed on respondent at a doctor's office. After further treatment he entered a hospital for additional surgery seven months later. Respondent spent approximately $2,000 for medical and hospital expenses and lost about $400 to $500 in wages. He missed over a month of teaching in connection with the surgery in the hospital, but this absence was covered by sick leave. At the time of trial he was experiencing no pain from the injury, but did complain about difficulty in breathing in grassy areas. Since he taught gymnastics, it was difficult for him to teach.

Respondent's testimony concerning his injuries was augmented by testimony of his doctor, who testified that he performed a series of operations on plaintiff's nose consisting of a rhinoplasty for reconstruction of nasal structures, a septoplasty, and a reconstruction of the inferior turbinates. It took six weeks for a complete healing from the effects of the surgery.

Appellant testified that he struck respondent because he was in fear. He also testified that respondent threatened him with a hammer, but later admitted that respondent had replaced his hammer in a box on his motorcycle at the time of appellant's attack. The greater part of appellant's testimony concerned his wealth which was relevant on the punitive damage issue. Such testimony was conflicting, inconsistent, and lacked any semblance of credibility.

On appeal appellant does not contend that the evidence is insufficient to support the judgment nor that the judgment is excessive. He does, however, raise the following points on appeal:

(1) Appellant is entitled to a new trial because he had inadequate counsel in a punitive damage case.

(2) Appellant is entitled to a new trial because of the admission of highly prejudicial evidence concerning appellant's conviction of a felony when he was 15 years of age.

Appellant appeared in this case in propria persona from the filing of the answer in 1975 until the date of trial on March 29, 1978. On that

date the trial judge, upon learning that appellant had little knowledge concerning the trial of a lawsuit, suggested that he obtain counsel, but appellant stated that he could not afford to do so. After the selection of the jury, however, appellant changed his mind and asked for a continuance in order to obtain counsel. The judge granted the continuance and excused the jury until April 4, 1978. On that date appellant appeared with counsel and the case proceeded to judgment.

 In his brief, appellant charges his trial counsel with incompetence, lack of preparation, lack of knowledge of the facts, and ignorance of the law and procedure. We need not assess the validity of these charges, for we are aware of no authority, and counsel has cited us none, which would permit a trial or appellate court to grant a retrial to an unsuccessful litigant in a civil case, with or without punitive damages, on the grounds of incompetency of counsel.

The right to effective counsel in a criminal case is well established. (*Powell* v. *State of Alabama* (1932) 287 U.S. 45, 71 [77 L.Ed. 158, 171-172, 53 S.Ct. 55, 84 A.L.R. 527]; *People* v. *Ibarra* (1963) 60 Cal.2d 460, 464 [34 Cal.Rptr. 863, 386 P.2d 487].) This new constitutional right was created from the fibers of the right to counsel (Cal. Const., art. I, § 15, U.S. Const. Amend. VI), and the right to a fair trial under the due process clause (Cal. Const., art. I, § 7, subd. (a), U.S. Const. Amend. XIV).

One of the numerous rights to effective counsel cases based upon the right to counsel concept was the case of *In re Williams* (1969) 1 Cal.3d 168 [81 Cal.Rptr. 784, 460 P.2d 984], in which the Supreme Court at page 174 stated as follows: "The Sixth Amendment, which is applicable to the states through the due process clause of the Fourteenth Amendment (*Gideon* v. *Wainwright* (1963) 372 U.S. 335, 342 [9 L.Ed.2d 799, 803, 83 S.Ct. 792, 93 A.L.R.2d 733]), provides that: 'In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense.' (U.S. Const., 6th Amend.) The logical corollary of this right is the right of indigents to have effective counsel appointed by the court at state expense. (See *Powell* v. *Alabama* (1932) 287 U.S. 45, 72 [77 L.Ed. 158, 172, 53 S.Ct. 55, 84 A.L.R. 527]; *People* v. *Ibarra, supra,* 60 Cal.2d 460, 464.)"

It should be noted that the right to counsel constitutional provisions refer specifically to criminal prosecutions, and hence do not apply to

civil proceedings. (*Borror* v. *Department of Investment* (1971) 15 Cal. App.3d 531, 539 [92 Cal.Rptr. 525].)

■ Under due process constitutional provisions, however, an indigent person, under certain circumstances, is entitled to appointment of counsel at state expense in civil as well as criminal cases. (*Salas* v. *Cortez* (1979) 24 Cal.3d 22 [154 Cal.Rptr. 529, 593 P.2d 226].)

In the *Salas* case, the Supreme Court held, in a paternity action brought by a district attorney, that an indigent defendant was entitled to appointment of counsel at public expense. In so doing, the court stated that, under certain circumstances, a person is entitled to appointed counsel regardless of whether the action is labelled criminal or civil. The court also noted that an adjudication of paternity involved more than a monetary judgment, since it could profoundly affect a person's life, disrupt an established family, and expose a person to deprivation of property, and, potentially, liberty. The court concluded that the appointment of counsel would not only advance substantial state interest, but would serve the child's interest as well.

Although *Salas* was a right to counsel case, it can be expected that the right to effective counsel will also be available to defendants in similar cases. The fact that the right of effective counsel is available to a defendant in a paternity case does not mean that it is also available to a defendant in a punitive damage case, merely because both are civil actions. Unlike a paternity case, a punitive damage case involves only a monetary judgment. Unlike a paternity case, a punitive damage case cannot expose a defendant to a possible deprivation of his liberty. Unlike a paternity case, a punitive damage case does not involve state participation nor a substantial state interest.

We are of the opinion that the considerations present in the *Salas* case favoring the extension of the right to counsel and hence the right of effective counsel to defendants in paternity cases are absent in punitive damage cases. Moreover, civil suits involving punitive damages are essentially private matters between the litigants. Each litigant selects his own counsel, for better or for worse. As Mr. Justice Minton once said: "A lawyer might well wonder, as we do, why counsel put that confession in evidence. Maybe it was a mistake; maybe not. Are we to second guess a competent lawyer into incompetency?...There are competent, more competent, and most competent lawyers." (*United States* v. *Ragen* (7th Cir. 1949) 176 F.2d 579, 586.)

■ In the present case appellant selected his own private counsel to represent him in a civil case involving punitive damages; thus he is not entitled to a retrial on the ground his counsel was ineffective.

Appellant also contends that he is entitled to a new trial because of the prejudicial admission of testimony concerning his conviction of a felony in 1926 when he was 15 years old and his conviction of forgery in 1944.

■ Whenever a party in a criminal or civil case moves for the exclusion of a witness' prior felony conviction, the trial court is under an obligation to exercise its discretion in balancing the possibility of prejudice and the probative value of the evidence. (Evid. Code, § 352; *People v. Woodard* (1979) 23 Cal.3d 329, 338-339 [152 Cal.Rptr. 536, 590 P.2d 391]; *People v. Banks* (1976) 62 Cal.App.3d 38, 46-47 [132 Cal.Rptr. 751]; *People v. Beagle* (1972) 6 Cal.3d 441 [99 Cal.Rptr. 313, 492 P.2d 1].)

In the present case, however, there was neither a motion to exclude nor an objection to the testimony, and hence the trial court was never asked to exercise its discretion.

Since neither ground urged by appellant has merit, the judgment is affirmed.

Files, P. J., and Kingsley, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 18, 1980.