186 Cal.App.3d 1075 (1986)
231 Cal. Rptr. 372
In re AMMANDA G. et al., Persons Coming Under the Juvenile Court Law.
SACRAMENTO COUNTY WELFARE DEPARTMENT, Plaintiff and Respondent,
v.
JOHN G., Defendant and Appellant.
Docket No. 25033.
Court of Appeals of California, Third District.
September 30, 1986.
*1077 COUNSEL
Bradley A. Bristow, under appointment by the Court of Appeal, for Defendant and Appellant.
L.B. Elam, County Counsel, and Lilly C. Frawley, Deputy County Counsel, for Plaintiff and Respondent.
[Opinion certified for partial publication.[*]]
OPINION
REGAN, Acting P.J. 

INTRODUCTION
Appellant John G. appeals the judgment of the juvenile court declaring three of his children, Ammanda G., John G. III, and Elizabeth G. minor dependents of the court under Welfare and Institutions Code[1] section 300, subdivisions (a), (b) and (d). The judgment arose from an action instituted by the Sacramento County Welfare Department against appellant and his wife, LaVon G., to have the three minor children declared dependent. Appellant's two principal contentions on appeal are: (1) that he was denied effective assistance of counsel and (2) that the failure of the juvenile court to prepare a statement of decision was reversible error. We disagree and affirm the judgment.
*1078 No recitation of facts is necessary for the published portions of this opinion.

FACTS[*]
.... .... .... .... .... .... .

DISCUSSION

I
Appellant first contends he was denied effective assistance of counsel, and that as a result he is entitled at least to a new dispositional hearing. His specific claims of ineffective assistance of counsel are: (1) his attorney failed to object to the admission into evidence of specific items contained within the social worker's report; (2) the trial attorney did not object to taking judicial notice of entire case files of older sibling dependency hearings, consisting of 480 pages of documents and exhibits; (3) the attorney failed to call certain witnesses and obtain reports at the dispositional hearing, depriving appellant of potentially meritorious defenses.
(1) Appellant relies on People v. Pope (1979) 23 Cal.3d 412 [152 Cal. Rptr. 732, 590 P.2d 859, 2 A.L.R.4th 1] and People v. Fosselman (1983) 33 Cal.3d 572 [189 Cal. Rptr. 855, 659 P.2d 1144]. Appellant's reliance on Pope and Fosselman is misplaced. Those cases represent current California law establishing the criteria for determining effective assistance of counsel in criminal proceedings. The criteria do not apply in dependency proceedings. "Dependency cases are civil in nature. (In re Christopher B. (1978) 82 Cal. App.3d 608, 614-615 [147 Cal. Rptr. 390]; Collins v. Superior Court (1977) 74 Cal. App.3d 47 [141 Cal. Rptr. 273].) [¶] In the case of Chevalier v. Dubin (1980) 104 Cal. App.3d 975, at page 978 [164 Cal. Rptr. 118], the court states, `We are aware of no authority, and counsel has cited us none, which would permit a trial or appellate court to grant a retrial to an unsuccessful litigant in a civil case, with or without punitive damages, on the grounds of incompetency of counsel.'" (In re Michael S. (1981) 127 Cal. App.3d 348, 364 [179 Cal. Rptr. 546]; cf. In re Christina P. (1985) 175 Cal. App.3d 115, 129 [220 Cal. Rptr. 525] [termination of parental rights case where client is indigent and thus entitled to counsel gives rise to ineffective assistance of counsel claim].)
In his reply brief, appellant respectfully requests we reject the reasoning of In re Michael S., supra, and follow our own reasoning in In re Patricia *1079 E. (1985) 174 Cal. App.3d 1 [219 Cal. Rptr. 783]. In Patricia E., we held the failure of the trial court to consider the need of the minor for independent counsel was prejudicial error. We also held under section 318 (appointment of counsel for minor whose home is allegedly an unfit place), that in order for joint representation of the minor and the welfare department by county counsel to be permitted, the case must meet the criteria for a discretionary decision not to appoint separate counsel under Civil Code section 237.5 (appointment of counsel to represent minor in proceeding to have minor declared free of parental control and custody). Patricia E. does not stand for the proposition the parent is entitled to effective assistance of counsel. In re Michael S., supra, was correctly cited by respondent, as this is the type of case in which the minor should receive effective assistance of counsel, not the parents.
Shortly before oral argument in this case the Second District Court of Appeal, Division Four, decided In re Christina H. (1986) 182 Cal. App.3d 47 [227 Cal. Rptr. 41]. That court held ineffective assistance of counsel is a cognizable claim by an indigent parent on appeal from a dependency hearing judgment. (Id., at p. 50.) Christina H. based this holding on its conclusion that indigent parents possess both a statutory and constitutional right to appointed counsel. (Id., at p. 49.)
We disagree with the holding in Christina H. The Second District relied in part upon our decision in In re Christina P., supra, 175 Cal. App.3d 115, where we held the indigent parent in that case was entitled to counsel on due process grounds under the criteria in Lassiter v. Department of Social Services (1981) 452 U.S. 18 [68 L.Ed.2d 640, 101 S.Ct. 2153] at a Civil Code section 232 hearing on the termination of parental rights. (In re Christina P., supra, at p. 129.) We were careful to limit our holding there, however, to Civil Code section 232 hearings, where, as Lassiter noted, the "parent's interest in the accuracy and justice of the decision to terminate his or her parental status is ... a commanding one." (452 U.S. at p. 27 [68 L.Ed.2d at p. 650]; fn. omitted.)
Section 300 hearings do not terminate parental status and thus, do not give rise to a right to counsel on due process grounds. As Christina H. observes, the right to have counsel appointed for indigent parents in section 300 hearings arises from California Rules of Court, rule 1334(c). Thus, the right to appointed counsel here is statutory and not, as we have noted, constitutional. It is only when "an indigent is entitled to counsel on due process grounds" (In re Christina P., supra, 175 Cal. App.3d at p. 129, quoting Chevalier v. Dubin (1980) 104 Cal. App.3d 975, 979 [164 Cal. Rptr. 118], italics added) that the right to effective assistance of counsel arises.
*1080 (2) Even if we were to assume that indigent parents had a due process right to appointed counsel, it does not follow that an asserted denial of the effective assistance of counsel is grounds for reversal. In a Civil Code section 232 case, the Court of Appeal stated: "The purpose of the statute is to protect children, not to punish a criminal offender. The interest sought to be protected is that of the welfare of the child." (In re Sherman M. (1974) 39 Cal. App.3d 40, 44 [113 Cal. Rptr. 847].) With the exception of juvenile delinquency proceedings, which are quasi-criminal in nature, the general rule in civil cases, and the rule we will follow in this case, is that denial of effective assistance of counsel is not an issue cognizable on appeal or in collateral writ proceedings. (White v. Board of Medical Quality Assurance (1982) 128 Cal. App.3d 699, 707 [180 Cal. Rptr. 516]; In re Michael S., supra, 127 Cal. App.3d at p. 363; Chevalier v. Dubin, supra, 104 Cal. App.3d at pp. 978-979.)

II
(3) Appellant's next major contention is that the trial court's failure to provide a statement of decision renders the findings and orders void. Following three days of hearing evidence in the case, the juvenile court referee submitted the jurisdictional issues for decision on February 13, 1985. On February 28, 1985, it sustained jurisdiction and made findings.[8] It heard argument on disposition and made its dispositional orders. On March 6, 1985, appellant requested a statement of decision after having made an oral request prior to submission on February 13, 1985. A statement of decision has not been prepared. Appellant now contends the omission of the trial court is reversible error per se.
Appellant relies on Miramar Hotel Corp. v. Frank B. Hall & Co. (1985) 163 Cal. App.3d 1126 [210 Cal. Rptr. 114] and In re Rose G. (1976) 57 Cal. App.3d 406 [129 Cal. Rptr. 338]. The case of In re Rose G. arose from a proceeding by a county adoption department to have two minors declared free from parental authority and control pursuant to Civil Code section 232, and is not controlling in the present proceeding. Appellant has cited no *1081 authority which would require the juvenile court to prepare a statement of decision in dependency proceedings. Miramar Hotel involves a cross-complaint in a civil action. The cases are not apposite.
The Court of Appeal in In re Billie M. (1983) 139 Cal. App.3d 973 [189 Cal. Rptr. 270], noted: "In the first place, `the Juvenile Court Law does not require the making of specific findings and ... a general finding that the allegations of the petition are true is sufficient to show the facts upon which the court exercised its jurisdiction to declare the minor a ward or dependent child of the court. [Citations.]'" (Id., at p. 981, quoting In re J.T. (1974) 40 Cal. App.3d 633, 640 [115 Cal. Rptr. 553]; see also In re Walker (1958) 159 Cal. App.2d 463, 467 [324 P.2d 32]; In re Corrigan (1955) 134 Cal. App.2d 751, 757 [286 P.2d 32].)
Such was the case here, where the court noted the allegations of the petition were true by clear and convincing evidence, despite the fact only a preponderance of evidence standard is required in dependency hearings. The referee made notice that he understood that the usual standard is by a preponderance, but noted he thought the evidence in this case "rose to the level of clear and convincing." In a dependency case, such as this, Billie M. is controlling.
Moreover, Code of Civil Procedure section 632, concerning statements of decision, does not apply to these proceedings. That section provides in part that "[i]n superior, municipal, and justice courts, upon the trial of a question of fact by the court, written findings of fact and conclusions of law shall not be required. Upon the request of any party appearing at the trial, made within 10 days after the court announces a tentative decision, ... the court shall issue a statement of decision explaining the factual and legal basis for its decision as to each of the principal controverted issues at trial...." In a juvenile dependency hearing, such as this, however, the court, after hearing the sentence, is required only "to make a finding, noted in the minutes of the court, whether or not the minor is a person described by statute as a dependent child, predelinquent juvenile, or delinquent juvenile. Specific findings need not be made; a general finding that the allegations of the petition are true is sufficient to show the facts upon which the court exercises its jurisdiction." (27 Cal.Jur.3d, Delinquent and Dependent Children, § 104, p. 461; see In re Billie M., supra, 139 Cal. App.3d at p. 981.)
(4) In both the jurisdictional and dispositional hearing phase, the court need only decide whether a juvenile fits within the statutory definition, find true the allegations of the petitions and order the minor dependent. The referee in this case checked the applicable boxes on a standard juvenile *1082 court form prepared for dependent findings. The proceedings make no final disposition of the minors, and unlike the custody proceedings under Civil Code section 232, or in those in Civil Code section 7017 to terminate parental rights (see Michael U. v. Jamie B. (1985) 39 Cal.3d 787, 793 [218 Cal. Rptr. 39, 705 P.2d 362] [statement of decision required]), a "general finding [that all the allegations of the petition are true] is sufficient to show the facts upon which the court exercised its jurisdiction to declare the minor a ward. [Citations.]" (In re Corrigan, supra, 134 Cal. App.2d at p. 757.)
At oral argument, respondent cited In re Paul A. (1980) 111 Cal. App.3d 928, 939-940 [168 Cal. Rptr. 891] for the proposition Code of Civil Procedure section 632 does not apply to juvenile proceedings. Paul A. held the provisions of Penal Code section 1118, relating to the right of a criminal defendant to a motion for acquittal at the end of the People's case, were not applicable to a juvenile court proceeding, nor were the provisions of Code of Civil Procedure section 631.8, relating to the right of a party in a civil action to a motion for judgment in its favor at the conclusion of the opposing party's presentation of evidence. The Paul A. court cites the applicable provision of the Welfare and Institutions Code which supplants the aforementioned sections. Additionally, the Paul A. court notes: "[T]he requirement that a court which renders a judgment in favor of the moving party `shall make findings as provided in Sections 632 and 634 of this code' keys into the traditional findings of fact required in civil actions. Such findings are not required in juvenile actions." (111 Cal. App.3d at p. 940.)
Appellant responds to the citation of Paul A. by asserting, in the alternative, that the Legislature has overruled Paul A. by its enactment of section 701.1, or conversely, the point in Paul A. was dictum. We disagree. In enacting section 701.1 (Stats. 1980, ch. 266, § 2, p. 539), the Legislature intended those rules and procedures applicable to dismissal in criminal proceedings to apply with equal force to juvenile proceedings. (In re Man J. (1983) 149 Cal. App.3d 475, 482 [197 Cal. Rptr. 20].) No similar such section has been enacted concerning statements of findings in juvenile proceedings. Paul A. is not apropos here; its reasoning, however, is fully persuasive when addressing whether a statement of decision is required by Code of Civil Procedure section 632 in juvenile dependency hearings.

III[*]
.... .... .... .... .... .... .

*1083 DISPOSITION
The judgment is affirmed.
Carr, J., and Davis, J.,[] concurred.
A petition for a rehearing was denied October 30, 1986.
NOTES
[*] The Facts and part III of the Discussion are not ordered published, as they do not meet the standards for publication contained in rule 976, subdivision (b) of the California Rules of Court.
[1] Unless otherwise indicated, all statutory references are to the Welfare and Institutions Code.
[*] See footnote, ante, page 1075.
[8] In a minute order dated February 13, 1985, the judge referee found as follows: "The court finds that there is a substantial danger to physical health of minors if returned home and [there] is no reasonable means to protect minors without removal from parental custody and care. Further, reasonable efforts have been made to prevent or eliminate need for removal of minors from the parents. The court informed the parents of the provisions of section 366.235 Welfare and Institutions Code and Section 232 of the Civil Code and specify [sic] their parental rights may be terminated permanently if they are not able to resume custody of the minors within twelve months." The court noted it found by "clear and convincing evidence" the allegations of the petitions were true, and ordered the minors placed in care and custody of the Welfare director for suitable placement, planning and supervision, and Ammanda and John III detained in protective custody in an infant holding home.
[] Assigned by the Chairperson of the Judicial Council.