227 Cal.App.3d 930 (1991)
278 Cal. Rptr. 295
In re JAMES S., a Minor.
ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES et al., Petitioners and Respondents,
v.
KENNETH Z. et al., Objectors and Appellants.
Docket No. G009392.
Court of Appeals of California, Fourth District, Division Three.
February 20, 1991.
*932 COUNSEL
David F. Blaisdell and Stephen S. Buckley, under appointments by the Court of Appeal, for Objectors and Appellants.
Adrian Kuyper, County Counsel, David Beales, Deputy County Counsel, Van Deusen, Youmans & Walmsley and Ted R. Youmans for Petitioners and Respondents.
Harold LaFlamme and Rose Marie Hollander, under appointments by the Court of Appeal, for the Minor.
[Opinion certified for partial publication.[*]]
OPINION
SILLS, P.J.
Kenneth and Judith Z. appeal from a judgment which declared their son, James S., to be free of their custody and control pursuant to Civil Code section 232, subdivisions (a)(2) and (a)(7).[1] They contend on appeal Judith was denied effective assistance of court-appointed counsel, the trial court committed misconduct during the course of proceedings, the trial *933 court erred in making certain evidentiary rulings, and the judgment is not supported by substantial evidence. We find the trial court conducted an exemplary and fair trial, and substantial evidence supports the judgment. Accordingly, we affirm.

I[*]
.... .... .... .... .... .

II

DISCUSSION

A. The trial court conducted an adequate hearing concerning the alleged ineffective assistance of Judith's counsel in pretrial proceedings.

(1) Appellants[6] first contend the trial court failed to conduct an adequate hearing when Judith's trial counsel, Deputy Public Defender Dan Resnick, asserted a possible conflict of interest 13 days into trial and asked to be relieved as counsel. The gist of Resnick's motion was that, without consulting Judith, various attorneys in the public defender's office had agreed to "bindings and continuations" of the reunification plan at review hearings while representing her. Resnick stated he would have a conflict if forced to argue that Judith never objected to facets of the reunification plan because her case was "poorly handled" by other deputy public defenders. Resnick was not required to divulge confidential information in order to explain his motion.
The trial court heard initial argument, requested briefing, and then conducted additional argument. It concluded no prima facie case of inadequate assistance had been shown, and thus no "conflict" could possibly arise. It further found the issues raised by Resnick were largely inapplicable to a section 232 hearing. (See In re Kristin B. (1986) 187 Cal. App.3d 596, 604 [232 Cal. Rptr. 36].) However, the court stated it would allow considerable latitude on the issue of whether Judith's expression of dissatisfaction with her attorneys or with social workers implied a showing of interest in James.
Kenneth and Judith's argument on appeal is not so much that Judith's court-appointed attorneys prior to trial rendered ineffective assistance (and *934 thus creating a potential "conflict" for Resnick), but that the trial court erred in failing to conduct an adequate hearing on the issue. Appellants are correct in stating a trial court has an affirmative duty to inquire when advised of a possible conflict of interest. (See, e.g., Wood v. Georgia (1981) 450 U.S. 261, 272 [67 L.Ed.2d 220, 230-231, 101 S.Ct. 1097]; People v. Bonin (1989) 47 Cal.3d 808, 836 [254 Cal. Rptr. 298, 765 P.2d 460].)[7] However, assuming the public defender's office is held to the same standards as a private law firm when evaluating conflicts of interest,[8] we cannot agree that the hearing before the trial court was somehow inadequate. To the contrary, the court conducted a thorough inquiry, allowing counsel to explore any conceivable area concerning the prior conduct of Judith's attorneys and its effect upon the section 232 proceedings; further, the court conducted its inquiry without requiring Resnick to divulge any confidential communications.[9] The lower court committed no error in denying Resnick's motion to be relieved as counsel.[10]

B. Judith was not denied effective assistance of counsel at trial.

On January 9, 1990, near the close of trial, Resnick reported to the court that Judith had written out a statement containing criticisms of how Resnick had thus far handled the trial. Resnick requested a hearing outside the presence of the other attorneys, where Judith would be allowed to testify concerning these criticisms. The court ruled Judith was entitled to effective *935 assistance of court-appointed counsel, and agreed to conduct an in camera hearing pursuant to People v. Marsden (1970) 2 Cal.3d 118 [84 Cal. Rptr. 156, 465 P.2d 44] to explore these allegations of ineffective assistance.[11] The court appointed a separate attorney for Judith for the limited purpose of advising her regarding the claims of incompetency.
The Marsden hearing consumed two days, at which Judith testified as to thirteen separate incidents which she claimed established ineffective assistance. Certain of these incidents were based on information which Judith admitted she had never imparted to Resnick. Many of the allegations, even if true, were not relevant to the proceedings. Other issues concerned testimony which would have been cumulative of prior testimony. A couple of issues concerned only trial tactics.[12] With the remaining issues, the court (without assessing blame as between attorney and client) granted leave to call or recall certain witnesses or to present certain documents before the close of trial. We would be hard pressed to formulate a more thorough procedure than that used by the trial court here in its Marsden hearing.[13]
Since a procedural attack is precluded, we address appellants' substantive arguments. (2) Initially, we agree with appellants that ineffective assistance of counsel presents a cognizable claim on appeal from proceedings to terminate parental rights, "since an indigent's due process right to counsel in such proceedings would otherwise be a hollow right." (Adoption of Michael *936 D. (1989) 209 Cal. App.3d 122, 135 [256 Cal. Rptr. 884]; accord, In re Christina P. (1985) 175 Cal. App.3d 115, 128-129 [220 Cal. Rptr. 525]; In re R.S. (1985) 167 Cal. App.3d 946, 968-969 [213 Cal. Rptr. 690].)
The department of social services contends appellants cannot raise the issue of effective assistance of counsel on appeal, citing our Supreme Court's recent decision in In re Malinda S. (1990) 51 Cal.3d 368, 384 [272 Cal. Rptr. 787, 795 P.2d 1244]. Malinda S., however, dealt with a juvenile dependency proceeding, not a proceeding to terminate parental rights. We agree with the distinction drawn in In re Ammanda G. (1986) 186 Cal. App.3d 1075 [231 Cal. Rptr. 372], where the court recognized indigent parents have a due process right to counsel (in addition to a statutory right under § 237.5) in a proceeding to terminate parental rights pursuant to Lassiter v. Department of Social Services (1981) 452 U.S. 18 [68 L.Ed.2d 640, 101 S.Ct. 2153]. In a juvenile dependency hearing, however, the right to counsel is merely statutory. As Ammanda G. observes, a parent's interest in the decision to terminate his or her parental status is a commanding one, thus implicating due process rights, while juvenile dependency hearings do not terminate parental status. (In re Ammanda G., supra, 186 Cal. App.3d at p. 1079.) Since the right to effective assistance of counsel arises when an indigent is entitled to counsel on due process grounds, appellants' claim is properly reviewable here. To this extent, we disagree with In re Justin L. (1987) 188 Cal. App.3d 1068, 1073 [233 Cal. Rptr. 632], which held there was no due process right to counsel in that section 232 case.
Although the issue is properly before us, appellants have completely failed to show Judith was denied effective assistance of counsel. (3) The applicable standard (identical to criminal cases) is two pronged: "1) whether trial counsel failed to act in a manner expected of reasonably competent attorneys acting as diligent advocates; and 2) whether such failure deprived the defendant of a potentially meritorious defense, or whether it is reasonably probable that a determination more favorable to the defendant would have resulted but for counsel's failings...." (Adoption of Michael D., supra, 209 Cal. App.3d at p. 136, citing People v. Fosselman (1983) 33 Cal.3d 572, 581-584 [189 Cal. Rptr. 855, 659 P.2d 1144].)
Appellants founder on both prongs. First, in reviewing the entire record, we find no evidence of incompetence on the part of attorney Resnick. Even if we had, any alleged shortcomings of Judith's case were cured when the trial court granted leave to call additional witnesses or present further documents.[14] Second, and as explained in the unpublished portion of this *937 opinion, it is not reasonably probable a different result would have occurred absent any alleged incompetence, since the overwhelming weight of the evidence supports the judgment. Simply stated, both Judith's counsel and the trial court saw to it she was adequately represented.

C. The trial court did not intimidate witnesses or counsel, nor did it assume a role adverse to appellants.

(4) Appellants claim the trial court intimidated them, their witnesses, and their counsel. Their foremost example concerns an incident which occurred when Judith was being examined on direct by Resnick. After observing the demeanor of the witness for some time, the trial court stopped the testimony, stating Judith was "jittery," "moderately disoriented," and her pupils appeared dilated. The court stated it was familiar with "symptoms of people who use drugs and who are under the influence," and it was also aware "of a number of reasons why a person's eyes might be dilated that have nothing to do with drug use." The court had the bailiff examine Judith and, after a brief recess, the bailiff stated further examination would be unnecessary.
The court was prepared to resume Judith's testimony at this point, but Resnick stated Judith was "unnerved and upset about what happened" and could not testify further that day. He also moved for a mistrial, saying the trial court had drawn "some assumptions that mother was under the influence of some illegal drug, I think." The court stated it was making no such assumptions. The court then called for Dr. Veronica Benitez, a licensed psychologist working for the county evaluation and guidance unit, who spoke with Judith over the lunch recess. According to Dr. Benitez, Judith told her she had been on medication since having surgery in July 1989, which might have been the reason her pupils were dilated. Judith also told her the reason she was "jittery" was because Resnick had been examining her about an unfamiliar area. On the basis of this testimony, the court ruled Judith would not be required to testify further that day. Judith testified at length later in the proceedings.
Appellants claim the trial judge's evaluation of Judith's condition was an "accusation" of illegal drug use, and so tainted the proceedings as to require a mistrial. This is preposterous. In a section 232 proceeding, the trial court is supposed to assess the demeanor of a witness. (See, e.g., In re Lynna B. (1979) 92 Cal. App.3d 682, 701 [155 Cal. Rptr. 256].) In light of Judith's prior drug usage, it was certainly conceivable she was testifying under the *938 influence of illegal drugs. As it turned out, however, the trial court's intervention benefited Judith, who was allowed the opportunity to explain she was taking prescription medicine. Thus, if the trial judge had drawn any adverse inferences from Judith's demeanor, they were dispelled by her explanation. We see no reason to prevent a judge from doing precisely what the trial court did here, which was appropriate under the circumstances. There is no "judicial misconduct" on this record.[15]

D. Substantial evidence supports the judgment.[*]
.... .... .... .... .... .

III

CONCLUSION
"Parenting is a fundamental right, and accordingly, is disturbed only in extreme cases of persons acting in a fashion incompatible with parenthood." (In re Carmaleta B. (1978) 21 Cal.3d 482, 489 [146 Cal. Rptr. 623, 579 P.2d 514].) Unfortunately, this is one such case. The judgment is affirmed.
Crosby, J., and Moore, J., concurred.
Appellants' petition for review by the Supreme Court was denied May 1, 1991.
NOTES
[*] Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts I and II-D.
[1] All statutory references are to the Civil Code unless otherwise specified. All unparticularized subdivision references are to Civil Code section 232 unless otherwise specified.
[*] See footnote, ante, page 930.
[6] The trial court found, and we agree, that Kenneth (as well as Judith) has standing to assert the inadequacy of the hearing concerning ineffective assistance of Judith's counsel, due to a unity of interest. (See, e.g., In re Ann S. (1982) 137 Cal. App.3d 148, 150 [188 Cal. Rptr. 1].)
[7] Contrary to appellants' contention, a more searching inquiry under Wood v. Georgia, supra, 450 U.S. 261, is required only when the possibility of a conflict appears after the trial court's initial inquiry. (Wood, supra, 450 U.S. at pp. 272-274 [67 L.Ed.2d at pp. 230-232].) Here, the trial court's initial inquiry dispelled the possibility of a conflict, because any alleged ineffectiveness by Judith's counsel at the dependency hearings would have no bearing on the section 232 proceeding.
[8] Compare People v. Anderson (1976) 59 Cal. App.3d 831, 843-844 [131 Cal. Rptr. 104] (implying that the public defender's office is not the same as a private firm for conflict purposes) with Public Defender  Conflict of Interest, 59 Ops.Cal.Atty.Gen. 27 (1976) (public defender is the same for conflict purposes). We express no opinion on this issue.
[9] The facts in this appeal are readily distinguishable from Leversen v. Superior Court (1983) 34 Cal.3d 530 [194 Cal. Rptr. 448, 668 P.2d 755]. In Leversen the trial court was precluded from inquiring into the reason for defense counsel's asserted conflict because it was based on privileged information. (Id. at p. 536.) In those situations, we agree that counsel is in the best position to make the determination of whether a conflict exists (id. at p. 537), and that his or her assertion of a conflict is entitled to great weight (id. at pp. 537-538). Here, however, the alleged conflict was unaffected by privileged communications; thus, the trial court was free to explore the factual basis for the asserted conflict. Further, unlike in Leversen, the facts before the trial court did not corroborate the "representation of a conflict" (id. at p. 539); indeed, those facts confirmed the absence of such a conflict.
[10] In their briefing to the court below, counsel for the foster parents contended Kenneth and Judith had waived any objections to the effectiveness of prior counsel because, inter alia, they knew of the facts giving rise to their claim and failed to raise them at the permanency planning hearing or at any of the dependency hearings. While we have addressed the merits of appellants' claim here, we express no opinion on the waiver issue.
[11] In response to an argument by counsel for the foster parents that a Marsden hearing would delay the trial, the court stated: "[T]here should not be the slightest hint in the record that, because of the fact that people are waiting and chafing at the bit, because it's taking time, that somehow the court should cut short its examination of mother's complaints." This is but one example of how the trial court bent over backwards to accommodate the concerns of the parents. Their claims in this court that the trial judge committed judicial misconduct in the course of trial (post, pp. 936-938) are groundless.
[12] The trial court exhibited considerable familiarity with Marsden-type hearings, including the impropriety of questioning counsel's trial tactics. The court quoted from Presiding Justice Gardner's opinion in People v. Huffman (1977) 71 Cal. App.3d 63, 80-81 [139 Cal. Rptr. 264], which states: "When a trial attorney has a game plan and the trial court asks him what it is, the answer is liable to be, and probably should be, `Frankly, your Honor, with all due respect, it is none of your business.' Ours is still an adversary system.... The purpose of Marsden was to assure the defendant of a fair trial  not to make a pretty record for the appellate court. A trial court's duties are fully performed when it has given the defendant every opportunity to present and substantiate his specific charges." We fully agree, and the trial court more than adequately discharged those duties here.
[13] We wish to clearly state that trial courts are not required to conduct the type of Marsden hearing which occurred here in all section 232 cases where ineffective assistance of counsel is alleged. In view of our holding, post, that there is a due process right to effective assistance of counsel in proceedings to terminate parental rights, it logically follows that the trial court must make some inquiry into the nature of the complaints against the attorney. In the present case, there was far more than "some" inquiry, since the hearing consumed two days. While the trial judge here is to be commended for the depth of his inquiry, it should not be used as an example of the minimum required of trial courts.
[14] For example, Judith claimed a witness named Don Beck should have been called to testify about her visits with James. After the Marsden hearing, Beck rendered such testimony. Similarly, Judith complained she was denied the opportunity to testify about alleged inaccuracies in social service reports. Judith in fact testified at length on this topic.
[15] Appellants' other alleged instances of "judicial misconduct" are likewise without substance, and require no further discussion. The trial court was admirably indulgent in allowing Kenneth and Judith every opportunity to tell their side of the story.