Filed 11/6/13  In re C.R. CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re C.R. & M.A., Persons Coming Under the Juvenile Court Law. | 2d Juv. No. B247705 (Super. Ct. No. J1395601, J1395602) (Santa Barbara County) |
| SANTA BARBARA COUNTY CHILD PROTECTIVE SERVICES,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>A.W.,<br><br>    Defendant and Appellant. | |

A.W. appeals from two orders denying her motions to replace assigned counsel.  (*People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).)  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In October 2011, A.W.'s two children were removed due to neglect.  A.W. did not comply with a court ordered family reunification plan and the juvenile court terminated her services.  We dismissed her appeal from that order as abandoned.  (*Santa Barbara County Child Welfare Services v. A.W.*, case No.

B242340.)  The juvenile court ordered no further visitation pending a hearing to terminate parental rights.  (Welf. & Inst. Code, § 366.26.)[1]  We affirmed that order on appeal.  (*Santa Barbara County Child Welfare Services v. A.W.,* May 13, 2013, Case No. B245355 [nonpub. opn.].)  We granted A.W.'s request to incorporate by reference the records on appeal in case numbers B245355 and B242340.  We incorporate here our recitation of the facts from our opinion in case number B245355.

At the 366.26 hearing initially set for February 7, 2013, A.W. asked the juvenile court to replace her assigned counsel.  The court conducted a closed hearing and denied the request.  It did not advise her on the record of her right to appeal.

A.W. asked the juvenile court to continue the 366.26 hearing to allow her to retain private counsel.  The court granted the request.  It ordered her to submit a written offer of proof by March 7, 2013.  A.W. did not retain private counsel.

On March 14, 2013, A.W. appeared with assigned counsel.  He had not filed a written offer of proof on her behalf.  He said that he and A.W. had met and he had advised her that they could "not satisfy the visitation prong, both for an offer of proof and for a J.V. 180."  A.W. again asked the court to replace her counsel.  The juvenile court conducted a closed hearing and denied A.W.'s request.

The juvenile court proceeded with the 366.26 hearing.  A.W.'s counsel did not present any evidence, but asked the court to continue the matter because A.W.'s appeal from the order terminating visitation was still pending.  The court denied the request.  A.W. read into the record a letter from a representative of the National Association for the Advancement of Colored People (NAACP) regarding shortcomings with her reunification plan.  The NAACP recommended

---

[1] All statutory references are to the Welfare and Institutions Code.

that the court consider placing the children with A.W.'s aunt. The court responded, "None of that is before me." The court found clear and convincing evidence that the children would be adopted, and it terminated A.W.'s parental rights. It advised her of her right to appeal. Within 60 days of March 14, A.W. filed a notice of appeal from "Termination of parental rights - March 14, 2013."

DISCUSSION

A.W. did not file a notice of appeal from the February 7 order within 60 days. (Cal. Rules of Court, rule 8.406(a)(1).) The February 7 order was appealable, and separate from the March 14 order terminating her parental rights. (§ 395, subd. (a)(1); *see In re Melvin A.* (2000) 82 Cal.App.4th 1243, 1251 [order denying request to be relieved as counsel was separate from stayed order terminating parental rights so that time for appeal from order denying request was not stayed].)

A.W. filed a notice of appeal within 60 days of March 14, but she did not identify the order denying her request to replace counsel as the order being appealed. Her notice identified only the "Termination of parental rights - March 14, 2013." A notice of appeal must identify "'the particular judgment or order being appealed.'" (*In re Joshua S.* (2007) 41 Cal.4th 261, 272.)

We recognize that A.W. was not advised on the record of her right to appeal from the February 7 order and that she prepared her notice of appeal from the March 14 order without the assistance of counsel. The "'notice of appeal must be liberally construed.'" (*In re Joshua S., supra,* 41 Cal.4th at p. 272.) We do that here and affirm on the merits.

The juvenile court did not abuse its discretion when it determined that A.W. had not demonstrated sufficient grounds to replace counsel. An indigent parent has a statutory and a due process right to competent counsel in a proceeding to terminate parental rights. (§§ 317, subd. (b); 317.5, subd. (a); *In re*

3

*Meranda P.* (1997) 56 Cal.App.4th 1143, 1152-1153.)  An exhaustive *Marsden* hearing is not required; it is only necessary that the juvenile court "make *some* inquiry into the nature of the complaints against the attorney."  (*In re James S.* (1991) 227 Cal.App.3d 930, 935, fn. 13.)  The standard is the same as it would be for a criminal case.  The question is "'(1) whether trial counsel failed to act in a manner expected of reasonably competent attorneys acting as diligent advocates; and 2) whether such failure deprived the defendant of a potentially meritorious defense, or whether it is reasonably probable that a determination more favorable to the defendant would have resulted but for counsel's failings . . . .'"  (*Id.* at p. 936.)  A.W. satisfies neither prong of this test.

A.W. told the juvenile court that her attorney's work was "unethical," and said she had been "misrepresented"; that he had not "fully fielded the issues"; that he had "misled" her; that he "doesn't have any paths for [her] to take"; that he had been "withholding information"; and that she "had not been defended on a lot of notes."  She provided few facts or details to support these conclusions and characterizations.  She stated that counsel never returned her phone calls and messages but the court credited counsel's statement that he had met with her and spoken to her by phone and that she had not appeared for a scheduled meeting to discuss strategy.  We will not reassess the court's credibility determination.  A.W. stated that her attorney should not have abandoned the appeal from the order terminating reunification services, but counsel said he advised her that he could find no legal basis for appeal and could only file the notice of appeal for her.

A.W. told the juvenile court that counsel did not bring her medical history to the court's attention, that hospitalization had interfered with her ability to complete parenting classes, and that he did not submit documents that A.W. wished to present.  She has not demonstrated how this information would have supported a potentially meritorious defense.  Neither has she demonstrated on

4

appeal that it is reasonably probable a determination more favorable would have resulted but for counsel's alleged failings.

DISPOSITION

The judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>

GILBERT, P.J.

We concur:

YEGAN, J.

PERREN, J.

Arthur Garcia, Judge

Superior Court County of Santa Barbara

_____

David A. Hamilton, under Appointment by the Court of Appeal, for Defendant and Appellant.

Dennis A. Marshall, County Counsel, Bo L. Bae, Deputy County Counsel, for Plaintiff and Respondent.