Filed 3/25/26  Cordova v. Teasdale CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| DANIEL CORDOVA, | B339195 |
| Plaintiff, Defendant and Respondent, | Los Angeles County Super. Ct. Nos. 23PSRO01696, |
| v. | 23PSRO01631, 18PSRO01772 |
| RENEA TEASDALE, | |
| Defendant, Plaintiff and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Michelle Graves Bryant, Judge.  Affirmed.

Diamond & Associates and David D. Diamond for Defendant, Plaintiff and Appellant.

No appearance for Plaintiff, Defendant and Respondent.

Renea Teasdale appeals from a domestic violence restraining order (DVRO) issued in favor of Daniel Cordova and the former couple's two children. She also challenges the denial of her DVRO application. The trial court found Cordova gave credible testimony supporting his DVRO application, while Teasdale did not. The court primarily based this credibility determination on Teasdale's calculated decision to omit material facts from her DVRO application, which, in the court's words, showed "she has used the Domestic Violence Prevention Act and the purpose of it and the tools [of it] to manipulate and to harass and to control Mr. Cordova" and "not" out of any genuine "fears for [her] safety."[1] Teasdale similarly omits from her appellate brief material evidence that supports the trial court's credibility determinations, factual findings, and exercise of discretion. We affirm the order.

We review the grant or denial of a DVRO for abuse of discretion. (*In re Marriage of Davila & Mejia* (2018) 29 Cal.App.5th 220, 226.) To the extent the court's exercise of discretion rests on factual findings, we apply the substantial evidence standard of review. (*Ibid.*) The court's decision is presumed correct, and it is the appellant's burden to demonstrate error affirmatively. (*Ashby v. Ashby* (2021) 68 Cal.App.5th 491, 509; *In re Marriage of Gray* (2002) 103 Cal.App.4th 974, 977– 978.) To meet this burden, an appellant like Teasdale " 'must set forth, discuss, and analyze *all* the evidence [relevant to her

---

[1] Among other things, the trial court found, and the evidence showed, that Teasdale seemingly timed her ex parte DVRO application to disrupt an event that Cordova had planned at his home for his sister's wedding and to prevent Cordova from taking the couple's children on a planned trip to Panama.

claim of error], *both favorable and unfavorable.'* " (*Pope v. Babick* (2014) 229 Cal.App.4th 1238, 1246; *Ashby,* at p. 513.) "We do not reweigh evidence or reassess the credibility of witnesses. [Citation.] We are 'not a second trier of fact.' " (*Pope,* at p. 1246.) Thus, Teasdale's " 'fundamental obligation to this court, and a prerequisite to our consideration of [her] challenge' [citation], is to 'set forth the version of events *most favorable to* [*respondent*]' "—Cordova. (*Ibid.*) As our Supreme Court has directed, Teasdale is " 'required to set forth in [her] brief *all* the material evidence on [a point of claimed error] and *not merely* [*her*] *own evidence.* Unless this is done the error is deemed to be waived.' " (*Foreman & Clark Corporation v. Fallon* (1971) 3 Cal.3d 875, 881 (*Foreman*); *Pope,* at p. 1246; see *Ashby,* at p. 513.) Teasdale has failed to follow this basic rule of appellate practice.

Teasdale principally contends the trial court committed "clear legal error" when it stated it "did not have to determine who the dominant aggressor was" in ruling on the parties' competing DVRO applications. (Underlining omitted.) She is incorrect. Contrary to Teasdale's apparent misunderstanding, a court is required to make detailed findings of fact concerning a primary aggressor only when it issues a *mutual* order restraining *both* parties from specified acts of abuse under the Domestic Violence Prevention Act. (See Fam. Code, § 6305, subd. (a) ["The court shall not issue a *mutual* order enjoining the parties from specific acts of abuse described in Section 6320 unless both of the following apply: [¶] (1) Both parties personally appear and each party presents written evidence of abuse or domestic violence . . . . [¶] (2) The court makes detailed findings of fact indicating that *both parties acted as a primary aggressor* and

3

that neither party acted primarily in self-defense." (Italics added.)].)[2]  Because the trial court denied Teasdale's DVRO application and, hence, did not issue a mutual restraining order, it was not required to make the specific findings that Teasdale argues had to be made.  (See *Salmon v. Salmon* (2022) 85 Cal.App.5th 1047, 1060 (*Salmon*) ["While it was appropriate for the trial court to consider the factors set forth in section 6305 in order to determine whether granting mutual relief would be appropriate, the trial court was not required to make detailed factual findings because it ultimately decided not to grant mutual relief.  Because section 6305 does not impose any requirements when denying relief, the trial court was required only to follow the general rule applicable to all petitions and provide 'a brief statement of the reasons for the decision in writing or on the record.'  (§ 6340, subd. (b).)"]; cf. *K.L. v. R.H.* (2021) 70 Cal.App.5th 965, 979 ["[T]he language of [section 6305] makes clear that *mutual* restraining orders are the exception, and 'shall not issue' unless the trial court makes specific findings . . . .  Such a determination requires that the acts of the parties be weighed against each other . . . in deciding whether *mutual* restraining orders should issue, [and] the trial court must consider the parties' respective alleged acts of domestic violence in concert." (Italics added.)].)

We are also troubled by what Teasdale has omitted in making this erroneous argument.  It is true that the trial court *correctly* observed it did not have to determine who was the dominant aggressor, as the court had decided to deny Teasdale's DVRO request due to her lack of credibility.  (See *Salmon, supra,* 85 Cal.App.5th at p. 1060.)  Nevertheless, in the same breath,

---

[2]     Statutory references are to the Family Code.

4

the court also said that, if it did have to find a dominant aggressor, "it would be the petitioner, Ms. Teasdale." Indeed, later—when again addressing whether a mutual restraining order was warranted—the court expressly found, "the dominant aggressor in this court's opinion is Ms. Teasdale." Teasdale's appellate brief does not mention this express finding, let alone explain how she can demonstrate reversible error when the finding that she contends was required was in fact made. Her argument is legally wrong, and her omission is materially misleading.

The trial court principally based its dominant aggressor finding on an incident in which Teasdale—in the presence of the couple's six-year-old son and the son's six-year-old friend—used a metal rod with sharp prongs on the end to smash the window of Cordova's truck while he was inside it, gashing his leg with the sharp metal prongs. In finding she was not credible, the trial court emphasized that, although Teasdale had based her DVRO application in part on this incident, "not once did she disclose" that she used "this large metal object" to smash the window of Cordova's truck. In her appellate brief, Teasdale quotes only her own testimony describing this incident. That testimony —unsurprisingly—downplays the conduct that the trial court found so troubling. It also omits that Cordova introduced a video recording of the incident that the trial court found supported his testimony and refuted Teasdale's. Teasdale cannot meet her appellate burden by tactically omitting material evidence from her brief that undermines her claim of error. (*Foreman, supra,* 3 Cal.3d at p. 881.)

There are other omissions. In her ex parte DVRO application, Teasdale declared that Cordova had used vehicle

trackers to stalk her and that, since learning of the trackers, she had experienced "extremely high anxiety, loss of sleep and loss of weight." However, as the trial court observed in making its credibility determination, Teasdale had failed to disclose that the vehicles were partially owned by Cordova's plumbing business, and Teasdale had long known Cordova had vehicle trackers on all his work vehicles. In her appellate brief, Teasdale presents the trackers as evidence of Cordova's "abusive mindset," but she fails to mention that the trial court expressly rejected her stalking allegation and found she had lied about being unaware of the trackers when she applied ex parte for a DVRO.

There's more. As a further example of the alleged "physical, financial and emotional distress" she experienced, Teasdale claimed that after arguing with Cordova about a "work project" one night, Cordova "angrily went and ripped out each tire valve" from her vehicle. What she did not disclose is that she had returned from the work event intoxicated that evening, and Cordova had removed the tire valves to prevent her from driving with the couple's children while drunk. Teasdale contends there was insufficient evidence to include the children in the DVRO, but she fails to address this and other evidence —including evidence that she shattered a car window with a metal rod in front of two six-year-old children—that supports the court's order. (See §§ 6211, subd. (e), 6301, subd. (b), 6320, subd. (a), 6340, subd. (a)(1); see also *J.H. v. G.H.* (2021) 63 Cal.App.5th 633, 642 ["while a showing of potential jeopardy to the safety of the children might be found sufficient for including them as protected parties, it is not a necessary predicate for doing so"].) Again, Teasdale cannot meet her

6

appellate burden by omitting material evidence from her brief. (*Foreman, supra,* 3 Cal.3d at p. 881.)

Teasdale contends evidence of past abuse is insufficient to support a DVRO and the trial court erred by declining to address whether she presented a risk of future harm. In making this argument, Teasdale improperly cites an unpublished opinion (Cal. Rules of Court, rule 8.1115(a)) and fails to address express language in the Domestic Violence Prevention Act that unambiguously authorizes the court to issue a DVRO based on "reasonable proof of a *past* act or acts of abuse." (§ 6300, subd. (a), italics added.) We reject the argument.

Finally, Teasdale contends the DVRO should be reversed because she received ineffective assistance from her attorney. However, as she tacitly acknowledges, a party may seek relief on this basis only in cases where counsel's purported incompetence has resulted in the denial of a statutory or constitutional right to counsel. (See *In re A.R.* (2021) 11 Cal.5th 234, 247; see also *Salas v. Cortez* (1979) 24 Cal.3d 22, 34; *Chevalier v. Dubin* (1980) 104 Cal.App.3d 975, 979.) There is neither a statutory nor constitutional right to counsel in a DVRO proceeding under the Domestic Violence Prevention Act, and Teasdale has not offered a persuasive argument for extending the right of effective counsel to these proceedings. In any event, even if she had presented good cause for an extension, she has entirely failed to show how her counsel's purported incompetence prejudiced her case. (See *People v. Nguyen* (2010) 184 Cal.App.4th 1096, 1121 ["To prove an ineffective assistance claim, a defendant must show that (1) 'counsel's performance was deficient,' and (2) 'the deficient performance prejudiced the defense.' "].) The challenged order was largely based on the trial court's finding that Cordova

was credible and Teasdale was not.  Teasdale does not explain how anything her counsel could have done differently would have changed that dispositive credibility determination.

## DISPOSITION

The order is affirmed.  Because Daniel Cordova has not filed a respondent's brief, there are no costs on appeal to award. Renea Teasdale will bear her own costs.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EGERTON, Acting P. J.

We concur:

ADAMS, J.

HANASONO, J.

8