Filed 4/8/22  Peterson v. Enterprise Rent-a-Car Company etc. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| DALE ALLEN PETERSON , | |
| Plaintiff and Appellant, | E075199 |
| v. | (Super.Ct.No. RIC1722277) |
| ENTERPRISE RENT-A-CAR COMPANY OF LOS ANGELES, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County.  Randall S. Stamen,
Judge.  Affirmed.

Dale A. Peterson, in pro. per., for Plaintiff and Appellant.

Polsinelli, Wesley D. Hurst and J. Alan Warfield for Defendant and Respondent.

Plaintiff and appellant Dale Allen Peterson appeals the grant of summary
judgment in favor of defendants and respondents Enterprise Rent-A-Car Company of Los
Angeles, LLC (Enterprise).  Peterson rented a car from Enterprise at a Riverside location
and returned it with body damage that neither Peterson nor any Enterprise employee

1

observed when he rented the car.  The damage to the vehicle was $564.80.  Enterprise kept $340, which it claimed was a deposit paid by Peterson at the time he rented the vehicle.  Enterprise then demanded the remaining balance, eventually turning the matter over to a collection agency.

Peterson filed a lawsuit claiming violations of Civil Code section 1750, et. seq., the Consumer Legal Remedies Act (CLRA) and Business and Professions Code section 17200, the Unfair Competition Law (UCL) based on Enterprise requiring him to sign an electronic rental agreement and for automatically taking money on his credit card without resolution of the cause of damage.  In response, Enterprise filed a notice of motion and motion for summary judgment (Motion).  The trial court granted the Motion.

Peterson claims on appeal that the trial court erred by granting the Motion.  He appears to claim his counsel failed to properly handle the case and there was additional evidence that could have been admitted to support his claims.  Peterson has failed to show on appeal that there was a triable material issue of fact.

**FACTUAL AND PROCEDURAL HISTORY**

A.     <u>FACTUAL HISTORY</u>

Peterson rented a vehicle from Enterprise on August 28, 2017, and it was to be returned on September 5, 2017.  The rental amount was $212.08.  Enterprise charged $412.08 to his credit card.  The rental agreement was presented to Peterson in electronic form on a tablet.  Peterson signed the rental agreement electronically.  Prior to taking possession of the vehicle, Peterson was given the opportunity to inspect the vehicle for damage.  Neither Peterson nor an Enterprise employee who inspected the vehicle at

2

checkout found any damage to the front passenger's side door. Enterprise did not consider small dents or scratches that were less than two inches needing repairs and were considered minor wear and tear. A customer would not be held responsible for such minor wear and tear.

When Peterson returned the vehicle on August 30, 2017, six days earlier than expected, Enterprise personnel noticed a dent and scratch on the front passenger's side door that was big enough to warrant repair. Peterson denied that the vehicle was damaged while in his possession. Enterprise advised Peterson he was responsible for the repair to the vehicle as it was damaged while in his possession. Peterson demanded that the vehicle be impounded but Enterprise refused his request. The cost of repair was $564.80. Enterprise used $340, which it claimed was a deposit made by Peterson at the time he rented the vehicle, and the remainder of funds that were charged for the seven-day rental. Enterprise sent a demand letter asking Peterson to pay $224.80. Enterprise specifically waived damages for loss of use and diminishment of the vehicle fees. Enterprise sent two more demand letters then turned the matter over to a collection agency. Peterson filed a lawsuit against Enterprise claiming violations of the CLRA and the UCL. On October 16, 2018, Enterprise refunded the $340 to Peterson.

Not all car rental agencies use electronic forms. There were three other car rental agencies within one-half mile of the Enterprise where Peterson rented the vehicle. Peterson disputed that he was aware of the terms of the rental agreement as it was given to him. He disputed the terms of the rental agreement. Further, Peterson was unaware if using electronic forms was state of the art in the car rental industry.

3

B.     PROCEDURAL HISTORY

1.     *FIRST AMENDED COMPLAINT*

On January 5, 2018, Peterson filed his First Amended Complaint against Enterprise (FAC).  His first cause of action was for a violation of CLRA.  He alleged to have rented a vehicle from Enterprise from their location at 8155 Indiana Avenue in Riverside on August 28, 2017.  He returned the vehicle on August 30, 2017.  He insisted that any damage done to the vehicle was caused prior to him renting the vehicle.  He refused to pay for the damages.  His credit card that he used to rent the vehicle was charged $340 on August 30, 2017.  He never received an invoice or estimate of the damages.  Enterprise pursued Peterson for additional monies that they alleged were owed to them for an administrative fee.  The matter was sent to collections.

The FAC alleged for the first cause of action that the intentionally negligent or intentionally poor inspection upon checkout of the vehicle constituted an unfair business practice.  Additionally, charging the customer for fees other than damages to the vehicle also violated the CLRA.  Peterson insisted these acts violated Civil Code section 1770, subdivisions (a)(14), (a)(15) and (a)(19).  Enterprise must be enjoined from the practice of automatically charging the customer when the damage to a vehicle was in dispute.  Additionally, the renter was entitled to a printout of all previous damage to a vehicle.  Peterson sought attorneys fees and costs.

The second cause of action was for a violation of the UCL.  Enterprise engaged in fraud by charging customers for preexisting damage to vehicles.  Enterprise should be enjoined from engaging in such practice.  He sought damages and attorney fees.

4

Peterson provided a declaration that he had personal knowledge of the facts in the FAC. Enterprise filed an answer raising 15 affirmative defenses.

2.      *SUMMARY JUDGMENT MOTION*

Enterprise filed the Motion on October 29, 2018. Enterprise contended that Peterson's claims alleged pursuant to the CLRA and UCL failed as a matter of law. It alleged that the claims arose from a dispute regarding his liability for damage to a vehicle he rented from Enterprise. When he returned the vehicle, there was a dent and scratch on the front passenger's side door. Neither Peterson nor Enterprise identified the damage when he rented the vehicle. Pursuant to the terms of the rental agreement, Enterprise applied a credit card deposit made for repair expenses in the amount of $340 and demanded additional payment from Peterson.

Enterprise provided a copy of the rental agreement for the vehicle signed by Peterson. It included language, "RENTER IS TAKING POSSESSION OF VEHICLE AND ANY OPTIONAL ACCESSORIES 'AS IS' AND HAS HAD AN ADEQUATE OPPORTUNITY TO INSPECT VEHICLE AND ANY OPTIONAL ACCESSORIES AND THEIR OPERATION." The agreement also included that if a credit card was used for a deposit, it could be used by Enterprise for payment. Further, paragraph 4 of the rental agreement provided that the renter agreed to return the vehicle in the same condition as it was received, ordinary wear and tear excepted. If the renter refused to purchase optional damage insurance from Enterprise, the renter would be responsible for any collision or vandalism damages, and administrative fees.

Enterprise alleged that electronic rental agreements were becoming the "State of the Art" in the car rental industry. They had been used for more than two years by Enterprise; no paper agreements were used. The dent and scratch on the vehicle when it was returned to Enterprise was significant enough to warrant taking the vehicle out of service and fixing it. Enterprise demanded payment for the damages and Peterson refused. The cost of repair was $564.80. Pursuant to the terms and conditions of the rental agreement, Enterprise used Peterson's deposit of $340 and sent a demand letter for the additional $224.80 plus $50 for administrative fees. Peterson never responded and the matter was sent to a collection agency. Enterprise had subsequently refunded the $340 to Peterson's credit card.

Enterprise argued that Peterson's CLRA claims lacked merit. There was no showing of a violation of Civil Code section 1770, subdivision (a)(14). Enterprise set forth that Civil Code section 1770, subdivision (a)(14), applies if the defendant " 'made any oral or written misrepresentations about any "rights, remedies, or obligations: included in the sale, that the sale did not have or involve, or which were prohibited by law.' " Peterson alleged that Enterprise was unlawfully trying to collect the diminution in value of the vehicle based on the damage but Enterprise insisted it had waived that amount. It only sought damages and an administrative fee, which was authorized by the rental agreement and California law.

Further, there was no merit to the claim under Civil Code section 1770, subdivision (a)(15). Peterson claimed that either the vehicle was not damaged or not

6

repaired. Enterprise insisted the vehicle was damaged and that it was repaired at a cost of $564.80. There were no false representations by Enterprise.

Additionally, there was no merit to the claim under Civil Code section 1770, subdivision (a)(19), unconscionability of the rental agreement, either by its terms or because it was presented in electronic format. The rental agreement was not procedurally unconscionable as Peterson was given the option of purchasing supplemental liability protection. Peterson also had the option of renting a vehicle elsewhere. Further, the terms of liability were in bold letters. Also, the electronic agreement listed any prior damage to the vehicle. Further, Peterson had the option of inspecting the vehicle himself—prior to taking possession—to check for damages. Enterprise interpreted the FAC as raising only these provisions of the CLRA.

Further, Peterson's UCL claim also lacked merit. Peterson was required to show that Enterprise violated a law. No CLRA violation was shown and no other law was broken. Further, Peterson could not show unfair business practices. Peterson also had not shown fraud. Peterson had a chance to inspect the vehicle himself. Further, he had failed to identify any false representation made by Enterprise.

Attached as an exhibit to the Motion was a declaration from Joanna Heathcoat. She was the regional risk manager for the store where Peterson rented his vehicle. Peterson signed the rental agreement electronically. Peterson was given the opportunity to inspect the vehicle prior to leaving the premises and he did not note any damage. The agreement signed by Peterson noted there was previous minor damage to the front and

7

rear bumpers. When Peterson returned the vehicle, there was a dent and a scratch to the front passenger's side door that required repair.

The rental agreement signed by Peterson was to rent the vehicle for seven days. The total was $212.08. A total of $412.08 was charged to the credit card. He declined the damage waiver and supplemental liability protection. At the end of the agreement, there was language, "I, THE 'RENTER' SIGNING BELOW, HAVE READ AND AGREE TO THE TERMS AND CONDITIONS IN THE RENTAL AGREEMENT JACKET. BY SIGNING BELOW, I AM AUTHORIZING OWNER TO CHARGE TO THE CREDIT CARD(S) AND/OR DEBIT CARD (S) THAT I HAVE PROVIDED TO OWNER ALL AMOUNTS OWED BY ME UNDER THIS AGREEMENT FOR ADVANCE DEPOSITS, INCREMENTAL AUTHORIZATIONS/DEPOSITS, AND ANY OTHER AMOUNTS OWED BY ME, AS WELL AS PAYMENTS REFUSED BY A THIRD PARTY TO WHOM BILLING WAS DIRECTED." This was signed by Peterson.

Also attached to the Motion was the bill sent to Peterson for $564.80 for damages, plus $50 for administrative fees. All other costs and fees were waived. Along with the letter, Enterprise detailed the damages to the vehicle. Pictures of the damages were included.

Included with the Motion was a copy of a letter sent to Peterson on October 16, 2018, advising him that Enterprise was dropping the claim against him. A refund check in the amount of $340 was sent to Peterson. The collection agency had been notified that there was no further claim.

### 3. *PETERSON'S RESPONSE TO THE MOTION*

Peterson's counsel filed a "separate statement in response to motion for summary judgment, and in the alternative, summary adjudication of issues, and in the alternative, for a determination that the action lacks merit" (Separate Statement) (all caps and boldface omitted). Peterson presented facts to support his claims, adding additional alleged facts that will be discussed, *post*.

Peterson acknowledged that Enterprise had returned all the money it had taken from Peterson's credit card for the damage they claimed he caused to the rented vehicle. Peterson noted that the reason given by Enterprise was that the damage was difficult to see and that an Enterprise employee and Peterson could have missed it upon checkout. Peterson argued that the "entire process of the Enterprise guilty until proven innocent charged against customers must be stopped." Peterson referred to the law on rental cars, Civil Code section 1939.15. Enterprise wrongfully determined that Peterson was responsible for the damage and he was not given an opportunity to challenge the claim. Peterson alleged the taking of the deposit from Peterson's credit card was a violation of Civil Code section 1939.15, subdivision (a).[1] There was a triable issue of fact pursuant to Civil Code section 1939.15, subdivision (b), if the Enterprise system of automatically

---

[1] Civil Code section 1939.15, subdivision (a) provides, "In the absence of express permission granted by the renter subsequent to damage to, or loss of, the rented vehicle, a rental company shall not seek to recover any portion of a claim arising out of damage to, or loss of, the vehicle by processing a credit card charge or causing a debit or block to be placed on the renter's credit card account."

holding customers responsible for all damage to their vehicles constitutes an unfair or deceptive practice.[2]

There was also a triable issue pursuant to Civil Code section 1770, subdivision (a)(14), as to whether Enterprise "stealing" the excess payment made by Peterson at the time of the rental was an unfair and deceptive practice. The claim under Civil Code section 1770, subdivision (a)(15), was not about the need for repair of the vehicle, but rather whether the need for repair was caused by Peterson. He was not responsible for the damages. Under Civil Code section 1770, subdivision (a)(19), the stealing of the overpayment for disputed claims was unconscionable. The rental agreement allowed Enterprise to charge all amounts owed under the agreement but Civil Code section 1939.15, subdivision (a), prohibited this act. Putting an illegal clause in the rental agreement was unconscionable. By returning Peterson's money, they admitted wrongdoing.

As for the UCL claim, it was based on the CLRA violation. Further, there were violations of Civil Code section 1939.15, subdivisions (a) and (b).

Peterson provided a declaration. Prior to taking possession of the vehicle, he walked around and inspected it. He did not notice any damage. Further, he did not cause any damage while it was in his possession. He demanded impound of the vehicle for a better determination of the damage.

---

[2] Civil Code section 1939.15, subdivision (b) provides, "A rental company shall not engage in any unfair, deceptive, or coercive tactics in attempting to recover or in recovering on any claim arising out of damage to, or loss of, the rented vehicle."

Attached to the Separate Statement were three exhibits. Exhibit 1 was a deposition of Joanna Heathcoat taken on January 8, 2019. She stated that Darren Henderson was the manager of the store where Peterson rented the vehicle and Courtney Mata was the assistant manager. A customer would not be responsible for "acts of God" damage such as weather. She only saw photographs of the damage to the vehicle. Since the damage was not on the car when Peterson rented it, it was assumed he caused the damage. There was no way of knowing how the damage occurred. The agreement signed by Peterson had a notation about the prior damage to the vehicle, which was scratches on the bumpers. Peterson could ask for a printout of the rental agreement or have it emailed. Heathcoat acknowledged the balance of Peterson's rental payment was applied to the damages but no new charge to the same card was made by Enterprise. She refunded his money because once she saw the photographs of the dent on the door it was difficult to see and could have been present before Peterson rented the vehicle. It was possible the damage was missed after another renter returned the vehicle.

Peterson also objected to the majority of the declaration of Heathcoat filed in support of the Motion, based on lack of knowledge, lack of foundation, and improper opinion of a person who was not an expert.

### 4. *REPLY TO OPPOSITION*

Enterprise filed a reply brief in support of the Motion on February 1, 2019. Enterprise insisted that the issue framed by the FAC and moving papers was whether Enterprise, pursuant to the rental agreement, authorized Enterprise to hold Peterson responsible for new damage not identified at checkout and to apply any balance from his

11

preauthorized credit card deposit to that expense violated the CLRA and UCL. Enterprise insisted that Peterson had not identified any triable issue of fact and had provided no authority to conclude any conduct by it in the rental transaction violated either the CLRA or the UCL.

Enterprise denied there was any violation of Civil Code section 1939.15. Applying the balance from a preauthorized charge to repair costs was not a violation. The preauthorized charge was clearly a deposit based on the total rental amount only being $212.80 and the amount placed on the credit card being $412.80. The rental agreement provided for the use of the deposit for repair costs. Additionally, there were no unfair, deceptive or coercive tactics in recovering the damages within the meaning of Civil Code section 1939.15, subdivision (b). There was an opportunity to inspect the vehicle prior to taking possession. Further, the rental agreement fully explicated liability. Peterson had provided no evidence that an electronic rental agreement was unfair or unlawful. Peterson had failed to provided evidence that the damage was caused by some peril and it was his burden show such evidence.

Further, as for the claim pursuant to Civil Code section 1770, subdivision (a)(15), the vehicle was damaged while in Peterson's possession; he did not note the damage at the time of checkout. The risk-sharing rental agreement was not unfair as it allowed for the renter to inspect the vehicle prior to taking possession. Enterprise had no control over the vehicle once it was in the renter's possession so it was fair to hold the renter responsible for any damage. Finally, the refund of the balance to Peterson was not an admission of wrongdoing. Enterprise closed 70 to 80 percent of disputed liability claims

12

as a matter of customer accommodation. Peterson did not dispute a majority of the facts and presented no evidence to support his claims.

Enterprise also filed a response to the objections made by Peterson to Heathcoat's declaration. Enterprise argued that Peterson had not disputed Heathcoat's statements in the Undisputed Material Facts, they were not hearsay, and there was a proper foundation.

Enterprise also responded to the Separate Statement. Enterprise noted that Peterson presented 14 additional facts in the Separate Statement. As to those facts, Enterprise did not dispute that it collected the entire estimated rental fee in advance of the rental and that it had collected an additional $200 from Peterson. Enterprise previously showed any damage to a vehicle on a flattened paper diagram of the vehicle. Two or three years prior to Peterson renting the vehicle, it had moved to using electronic forms. Enterprise admitted that it could not determine what caused the damage on the vehicle rented by Peterson. Enterprise refunded the amount it took from Peterson's credit card one year after it was taken. The damage on the vehicle was very hard to see and not very obvious.

Enterprise objected to the fact presented by Peterson that there was no procedure for customers to challenge Enterprise's determination of liability. Heathcoat had stated in her deposition that there was a process of determining liability and that 70 to 80 percent of disputed claims were closed.

The first hearing on the Motion was conducted on February 6, 2019. The trial court overruled any objections to Heathcoat's declaration and deposition. The trial court also stated that it did not appear that the consumer protection laws were violated.

Peterson's counsel argued the rental contract was illegal because it made the renter responsible for any damage and only if it was contested would Enterprise find otherwise. He was forced to sign the electronic agreement, never given a copy, and there was no process to protest damages. Enterprise took the full rental amount and deposit in advance so they could charge the renter for damages.

Enterprise argued the electronic agreement kept track of previous damage to the vehicle. Peterson had the opportunity to inspect the vehicle. There were no consumer violations and this was just a dispute over $340. Further, Peterson was well aware he was putting down a $200 deposit when he rented the vehicle. Enterprise did not violate the law or act unfairly.

The trial court found this was a consumer protection case and not just about the $340. The trial court took the matter under submission.

## 5. *SUPPLEMENTAL BRIEFING*

The trial court requested supplemental briefing on April 16, 2019, on the applicability of Civil Code section 1939.15, subdivision (a), to the action. It requested the parties address all evidence regarding the amount initially charged by Enterprise to Peterson's credit card and the purpose of the charge; all evidence as to the purpose of the deposit paid by Peterson; and how Civil Code section 1939.15, deposit amount, and deposit purpose affected the Motion.

Peterson's counsel filed supplemental briefing on April 18, 2019. Peterson acknowledged there were no cases interpreting Civil Code section 1939.15, subdivision (a). Peterson argued that the statute did not allow the rental car company to retain the

14

prepaid credit card deposit for damages. Peterson argued that the provision should be interpreted to mean that if there are damages to a vehicle, the rental car company should tell the renter, send an estimate of the damages, and allow the renter to challenge the claim. The act of self-help to his credit card deposit was unfair and deceptive in violation of Civil Code section 1939.15, subdivision (b). Further, the $200 deposit, according to the rental agreement, was only for fuel or other related charges, not for damages.

Enterprise also filed a supplemental brief. Enterprise noted that Peterson conceded a $200 deposit was collected at the time of the rental. No blocks or debits were placed on the credit card so there was no violation of Civil Code section 1939.15, subdivision (a). The deposit was to be applied to all monies owed by him to Enterprise. The statute did not prohibit the use of a deposit for damages. The deposit could be used for repairs. Enterprise concluded that the charging of a $200 deposit and application to damages did not violate Civil Code section 1939.15, subdivisions (a) or (b).

After filing supplemental briefing, Peterson's counsel requested to be relieved based on a breakdown of the attorney-client relationship. The trial court granted the request.

### 6. *RULING*

The trial court issued its ruling granting the Motion on August 29, 2019. The trial court adopted a notice of ruling and the action was dismissed. The trial court noted that the parties had provided copies of the rental agreement.[3] The trial court ruled, "There are

---

[3] The rental agreement was returned to Enterprise.

15

no triable issues of material fact regarding whether the terms of the rental agreement between [Peterson] and [Enterprise] violated any consumer protection law or unfair competition law, including Civil Code section 1939.15(a). [Peterson] does not deny that he: had the opportunity to examine the subject vehicle before he rented it; had the opportunity to purchase insurance to protect himself from damage to the vehicle during the rental period; and, agreed he would be responsible for damage to the vehicle occurring during the rental period, regardless of whether he caused the damage. [Peterson] had the opportunity to rent from other rental companies. He was not forced to rent from [Enterprise] and was not forced to agree to the terms of the rental agreement. [Peterson] does not identify any law [Enterprise] violated (whether alleged in the [FAC] or not) and does not identify any disputed facts."

### 7.    *MEMORANDUM OF COSTS*

Enterprise submitted a memorandum of costs in the amount of $4,357.20, which consisted of deposition costs and filing and motion fees. Peterson filed, in pro. per., a "Response to Defendant's Motion for Costs and a Motion to Strike and Tax Costs in Whole or in Part." He insisted that each party was to bear their own costs. Further, Enterprise had not provided an adequate accounting. Enterprise was not entitled to costs of "depo on the corporate representative" because it was not necessary for trial. Further, making him pay the costs would present an undue financial burden. Enterprise filed a response to Peterson's motion to tax costs. Enterprise detailed the filing and motion fees. Further, the fees for depositions of Heathcoat and Peterson. Enterprise provided invoices

16

of the incurred costs. Further, Peterson had provided no evidence that the collection of these costs would be unjust or create an undue financial burden.

Peterson filed a reply to Enterprise's opposition. Peterson complained that Enterprise still had not provided proof that the costs had been paid. Further, the videotaped deposition was not required for trial. Finally, he had been granted a fee waiver for his appeal, which showed it would be a financial burden to pay the costs.

The matter was heard by the trial court on March 13, 2020. The trial court denied the motion to tax costs filed by Peterson. It rejected that awarding costs would place an undue financial burden on Peterson and it awarded Enterprise $4,357.20 in costs.

## DISCUSSION

### A. <u>STANDARD OF REVIEW FOR SUMMARY JUDGMENT</u>

"A trial court will grant summary judgment where there is no triable issue of material fact and the moving party is entitled to judgment as a matter of law. A defendant moving for summary judgment must prove the action has no merit. He does this by showing one or more elements of plaintiff's cause of action cannot be established or that he has a complete defense to the cause of action. At this point, plaintiff then bears the burden of showing a triable issue of material fact exists as to that cause of action or defense." (*Towns v. Davidson* (2007) 147 Cal.App.4th 461, 466; see also *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 849-850 (*Aguilar*).) "A trial court may only grant a motion for summary judgment if no triable issues of material fact appear and the moving party is entitled to judgment as a matter of law." (*Schachter v. Citigroup, Inc.* (2009) 47 Cal.4th 610, 618.)

17

If the moving defendant meets its burden of showing evidence "that one or more elements of the cause of action . . . cannot be established, or that there is a complete defense to the cause of action . . . the burden shifts to the plaintiff . . . to show that a triable issue of one or more material facts exists as to the cause of action or a defense thereto.  The plaintiff . . . shall not rely upon the allegations or denials of its pleadings to show that a triable issue of material fact exists but, instead, shall set forth the specific facts showing that a triable issue of material fact exists as to the cause of action or a defense thereto." (Code Civ. Proc., § 437c, subd. (p)(2); see *Aguilar*, *supra*, 25 Cal.4th at p. 849.)  "[A] party 'cannot avoid summary judgment by asserting facts based on mere speculation and conjecture, but instead must produce admissible evidence raising a triable issue of fact.' " (*Dollinger DeAnza Associates v. Chicago Title Ins. Co.* (2011) 199 Cal.App.4th 1132, 1144-1145.)

"In ruling on the motion, the court must 'consider all of the evidence' and 'all' of the 'inferences' reasonably drawn therefrom [citation], and must view such evidence [citations] and such inferences [citations], in the light most favorable to the opposing party." (*Aguilar*, *supra*, 25 Cal.4th at p. 843.)  Our review of summary judgment is de novo.  (*Claudio v. Regents of University of California* (2005) 134 Cal.App.4th 224, 230.)

B.     FORFEITURE

"[T]he trial court's judgment is presumed to be correct, and the appellant has the burden to prove otherwise by presenting legal authority on each point made and factual analysis, supported by appropriate citations to the material facts in the record; otherwise, the argument may be deemed forfeited." (*Keyes v. Bowen* (2010) 189 Cal.App.4th 647,

655.)  "It is the appellant's responsibility to support claims of error with citation and authority; this court is not obligated to perform that function on the appellant's behalf." (*Ibid*.)

"To prevail on appeal, an appellant must establish both error and prejudice from that error.  [Citation.]  In order to demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record.  Rather than scour the record unguided, we may decide that the appellant has forfeited a point urged on appeal when it is not supported by accurate citations to the record.  [Citation.]  Similarly, we may disregard conclusory arguments that are not supported by pertinent legal authority."  (*WFG National Title Insurance Company v. Wells Fargo Bank, N.A. as Trustee for Park Place Securities, Inc. Asset-Backed Pass-Through Certificates, Series 2005-WCW2* (2020) 51 Cal.App.5th 881, 894-895.)  "Pro. per. litigants are held to the same standards as attorneys."  (*Kobayashi v. Superior Court* (2009) 175 Cal.App.4th 536, 543.)

" 'The absence of cogent legal argument or citation to authority allows this court to treat the contentions as' " forfeited.  (*In re Marriage of Carlisle* (2021) 60 Cal.App.5th 244, 255.)

Peterson's brief consists of a listing of pages from the clerk's transcript.  After citations to the clerk's transcript, Peterson argues either his counsel should have done something different, or other evidence was available that should have been admitted.  At the end of the opening brief, Peterson provides authority setting forth the standard of review on motions for summary judgment.

19

Peterson provides no argument or legal authority as to the issues raised in the FAC regarding the CLRA and UCL violations. He further does not provide any legal authority or argument as to the issues raised in the supplemental briefing regarding Civil Code section 1939.15, subdivisions (a) and (b). Peterson makes no argument as to how the UCL and CLRA claims were supported by the evidence presented and that the trial court erred by finding there were no triable issues of material fact. In order to avoid the granting of the Motion, Peterson had to "set forth the specific facts showing that a triable issue of material fact exists as to the cause of action or a defense thereto." (Code Civ. Proc., § 437c, subd. (p)(2); see *Aguilar*, *supra*, 25 Cal.4th at p. 849.) Peterson makes no cogent argument nor cites to legal authority on the causes of action raised in the FAC or the supplemental briefing; this court is not required to make such arguments for him. As such, any claims that there are triable issues of material fact on his claims raised in the FAC or the supplemental briefing have been forfeited.

In addition, Peterson states, "The judge had the discretion to tax or reduce the costs." He does not provide any legal authority or argument as to the motion to tax costs that he filed. As such, any claims in regards to the costs awarded to Enterprise by the trial court have been forfeited.

C.      MERITS

Moreover, even if we were to consider Peterson's arguments, it appears he is claiming that the Motion should not have been granted because his counsel was ineffective for failing to present evidence or by making incorrect arguments. He further insists that photographs of his garage and the rented vehicle, not admitted by his counsel,

20

would have shown that he could not have caused the damage on the rental vehicle and should be reviewed by this court on appeal. He additionally requests that this court take judicial notice of emails he sent to his attorney about the case and photographs of his garage. Finally, Peterson also raises a claim about an ADA accommodation relying on evidence outside the record.

Initially, the review of a grant of a motion for summary judgment necessarily involves the review of the record before the trial court. "On appeal from an order granting summary judgment, ' " 'we take the facts from the record that was before the trial court when it ruled on that motion.' " ' " (*Kim v. County of Monterey* (2019) 43 Cal.App.5th 312, 323.) This court cannot consider additional evidence proffered by Peterson on appeal, including the request for judicial notice of emails to his attorney and any photographs of his garage.[4] This evidence is not properly considered on appeal.

This equally applies to any claims about ADA accommodations. To support his argument, Peterson provides an "events log" that relies on events occurring outside the courtroom, which are not in the record. This court cannot properly consider this argument, which relies on evidence outside the record.

Finally, Peterson cannot prevail on any claims of ineffective assistance of counsel. An ineffective assistance of counsel claim is not available in an ordinary civil proceeding because there is no constitutional right to counsel. (See *Chevalier v. Dubin* (1980) 104 Cal.App.3d 975, 978-979 ["It should be noted that the right to counsel constitutional

---

[4] We deny Peterson's requests for judicial notice filed on March 1, 2021, and August 23, 2021.

21

provisions refer specifically to criminal prosecutions, and hence do not apply to civil proceedings"]; see also *White v. Board of Medical Quality Assurance* (1982) 128 Cal.App.3d 699, 707 ["While due process requires the right to counsel, the right to 'effective' counsel in civil proceedings that lack overhanging criminal penalties has yet to be recognized"].)  While Peterson may have disagreed with how his counsel represented him in the trial court, he cannot prevail on appeal on a claim of ineffective assistance of counsel.

Based on the foregoing, we must presume the trial court's ruling granting the Motion was correct as Peterson has failed to meet his burden of showing there was a triable issue of material fact.  We affirm the grant of the Motion.

## DISPOSITION

The judgment is affirmed.  As the prevailing party, Enterprise is awarded its costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____
                              Acting P. J.

We concur:

CODRINGTON _____
                              J.

SLOUGH _____
                              J.

22