Filed 12/9/22 Rogers v. Mukutmoni CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| LINDA ROGERS, as Trustee, etc.<br><br>　Plaintiff and Respondent,<br><br>　　v.<br><br>IRINA MUKUTMONI,<br><br>　Defendant and Appellant. | G060479<br><br>(Super. Ct. No. 30-2019-01042821)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Carmen R. Luege, Judge. Affirmed.

Irina Mukutmoni, in pro. per., for Defendant and Appellant.

Law Offices of Stirling J. Hopson and Stirling J. Hopson for Plaintiff and Respondent.

Defendant Irina Mukutmoni (Mukutmoni) appeals from the judgment entered against her in this unlawful detainer action brought by Linda Rogers, as successor

trustee of the Tapas Mukutmoni 2013 Trust dated December 4, 2013 (the 2013 Trust). Rogers had sought possession of real property located in Anaheim (the Anaheim property) which she contended was an asset of the 2013 Trust, and also sought damages from Mukutmoni for refusing to vacate that property after receiving notice to do so.

At the bench trial, the court took judicial notice of the records of the related probate case (Orange County Superior Court case No. 2018-1036936) (the probate case) that had been initiated by Mukutmoni to seek a judicial determination regarding the ownership of the Anaheim property. In the probate case, the court concluded the 2013 Trust was valid and the Anaheim property was one of its assets. In our concurrently filed opinion *Mukutmoni v. Rogers* (Dec. 9, 2022, G060444) [nonpub. opn.], we affirmed the judgment entered in the probate case.

Following the bench trial in the instant case, the trial court entered judgment providing that Rogers, as trustee of the 2013 Trust, is entitled to possession of the Anaheim property and that Mukutmoni must pay Rogers $45,500 in holdover damages ($50 per day since the expiration of the 60-day notice) and $515 in costs.

We affirm. Substantial evidence supports the trial court's findings.


FACTS[1] AND PROCEDURAL HISTORY

Mukutmoni and Tapas Mukutmoni (the Trustor) were married in approximately 1994 and divorced in 2009.[2] On December 4, 2013, the Trustor executed the 2013 Trust which provided that, upon the Trustor's death, the property identified in

_____

[1] The facts in this section are based on trial evidence in this case, as well as the parties' stipulated facts in the probate case, the records of which the trial court judicially noticed.

[2] Mukutmoni testified in this case that she and the Trustor divorced in 2009, but in the probate case, stipulated to having divorced the Trustor in "approximately 2007." The actual date of Mukutmoni and the Trustor's date of divorce is not material to this appeal.

its Schedule A would be distributed in specified percentages to the Trustor's two daughters from a prior marriage and to Masha, the daughter he shared with Mukutmoni.

In 2017, Mukutmoni and Masha moved into the Anaheim property with the Trustor. The Anaheim property is a two story, 3,000 square-foot house that has four bedrooms and three bathrooms. Mukutmoni did not pay rent to the Trustor; she testified that instead, "he instructed us to stay and to look after him."

The Trustor died on June 22, 2018. Mukutmoni and Masha continued to live at the Anaheim property, without paying rent, based on their understanding the Trustor wished for them to continue living there after his death.

On November 1, 2018, the Trustor's daughter Katja, as the first successor trustee to the 2013 Trust, served Mukutmoni with a 60-day notice to quit by means of a posted copy of the notice at the Anaheim property "because no person of suitable age or discretion can be found there." The copy of the notice stated in part: "PLEASE TAKE NOTICE that under the terms of the rental agreement by which you hold possession of the below described premises [the Anaheim property], that your tenancy of the hereinafter described premises is hereby terminated as of the date sixty (60) days after the service of this NOTICE upon you and that you are hereby required to quit and surrender possession thereof to the undersigned on or before the date sixty (60) days after the service of this NOTICE upon you. [¶] . . . [¶] . . . If you fail to quit and deliver possession, legal proceedings will be instituted against you to obtain possession and such proceedings could result in a judgment against you which could include costs, attorney fees and necessary disbursements."

In November 2018, Mukutmoni initiated the probate case by filing a petition for an order determining interests in real property pursuant to Probate Code section 850. In her petition, Mukutmoni alleged, as relevant to this appeal, that although title to the Anaheim property was held in the 2013 Trust, the Trustor had subsequently

3

revoked the 2013 Trust and that such title should be conveyed to the Trustor's subsequent trust made in 2018.

On December 31, 2018, the 60-day notice period to quit the Anaheim property expired but Mukutmoni had not vacated the property. On January 9, 2019, Rogers, a professional fiduciary who had become the second successor trustee to the 2013 Trust, filed a form complaint for unlawful detainer against Mukutmoni.[3] In the complaint, Rogers sought possession of the Anaheim property, forfeiture of Mukutmoni's prior oral agreement with the Trustor, and incurred costs. The complaint stated Rogers waived seeking damages for the fair rental value of the premises for each day Mukutmoni remained in possession. In light of this waiver of damages, the unlawful detainer action was filed as a limited civil case.

Trial in this matter was repeatedly continued pending resolution of the probate case. About seven months after the unlawful detainer action was filed, in August 2019, Rogers was granted leave to amend her complaint to seek an award of damages in the amount of $100 per day for the fair rental value of the Anaheim property from January 1, 2019 "for each day that defendants remain in possession through entry of judgment."

The trial date in this matter was continued again and again until finally, in June 2021, the trial court was notified the pending probate case had concluded. The bench trial on the unlawful detainer complaint was held on June 29, 2021. At the outset, the trial court stated it would take judicial notice of the court's records in the probate case.

Rogers's counsel in the probate case, Stephen M. Magro, testified the probate court had ruled the 2013 Trust had never been revoked and was valid, and that the Anaheim property remained an asset of the 2013 Trust. As to the condition of the

---

[3] Rogers had initially named Masha (a minor) as an additional defendant but the court granted her later request to dismiss Masha as a defendant without prejudice.

Anaheim property, Rogers testified the Anaheim property was located in a good neighborhood. She stated she had not done an official market analysis on the Anaheim property but testified "it should be, you know, around $800,000 at this time" and it would rent for at least $3,000 a month.

Mukutmoni confirmed the size of the Anaheim property and testified there was some unfinished flooring in the house and other aspects of the house that needed repair. She testified the Anaheim property had electricity and gas, but had limited hot water because the water heater was not working well.

After taking the matter under submission, on June 30, 2021 the trial court issued a minute order stating its ruling:

"The Court finds that the rental market value of this property is not $100 per day as [Rogers] requests. Based on the condition of the property, value is set by the Court at $50 a day. (910 days x $50=$45,500.)

"[Rogers]'s Counsel made an oral motion to reclassify this case as an unlimited case. [Rogers]'s Counsel is to pay the additional fee to raise the jurisdictional limit of this case to over $25,000.

"The Court finds judgment for Linda Rogers, successor trustee of the Tapas Mukutmoni 2013 trust against Irina Mukutmoni, AKA Irina Demianenko in the amount of: $45,500.00 in holdover damages and $515.00 in pre judgment costs. All unknown occupants are included in the judgment. The property/premises address awarded to [Rogers] is [the Anaheim property].

"Writ of Possession to issue forthwith.

"No lockout prior to 08/02/2021.

"The Court directs [Rogers] to prepare the judgment." (Bold omitted.)

Mukutmoni filed a notice of appeal stating she appealed from the *judgment* entered after a court trial on June 30, 2021. We issued the following order stating in relevant part:

5

"On July 12, 2021, appellant filed a notice of appeal, which indicated the appeal was taken from a judgment entered on June 30, 2021. However, the document entered on June 30, 2021, was an unsigned minute order.

"This court intends to augment the record with a copy of the July 20, 2021, judgment (a copy of which is attached to this order) and treat this appeal as one taken prematurely from the judgment. (Cal. Rules of Court, rule 8.104(d)(2).) Any opposition to this course of action may be filed within 15 days of this order."

We received no opposition and therefore so augment the appellate record.

DISCUSSION

"In an appeal from an unlawful detainer judgment, '"[w]e review the trial court's findings of fact to determine whether they are supported by substantial evidence. [Citation.] To the extent the trial court drew conclusions of law based upon its findings of fact, we review those conclusions of law de novo. [Citation.]"' [Citation.] Moreover, we review the trial court's evidentiary rulings for an abuse of discretion. [Citation.]" (*Palm Property Investments, LLC v. Yadegar* (2011) 194 Cal.App.4th 1419, 1425-1426.)

The trial court explained there were two issues before it to be decided. First, "is the [2013 T]rust entitled to possession" of the Anaheim property? And second, if the answer to the first question is "yes," the amount of money, if any, Mukutmoni owed in holdover damages and costs "for having stayed there for this long . . . after the notice to vacate expired."

Substantial evidence supports the trial court's findings that Rogers, as successor trustee to the 2013 Trust, is entitled to possession of the Anaheim property. As described by Magro's testimony and shown by the records of the probate case, of which the trial court took judicial notice, the Anaheim property was an asset of the 2013 Trust which had not been revoked and remained valid. In *Mukutmoni v. Rogers, supra*, G060444, we affirmed the probate court's judgment in that case.

6

In her opening brief, Mukutmoni seeks to relitigate the probate court's decision in order to challenge the unlawful detainer judgment against her. She argues the trial court erred by not admitting evidence regarding the proper ownership of the Anaheim property and the Trustor's health and expressed wishes (although such evidence was also included in the records of the probate case). As explained to her by the trial court in the instant action, in light of the judicial determination of the 2013 Trust's ownership of the Anaheim property, Mukutmoni may not defend against the unlawful detainer action by arguing the 2013 Trust was revoked and/or that she is the rightful owner of the Anaheim property as that issue had already been decided by the probate court.

The evidence is also sufficient to support the trial court's finding that Mukutmoni owes holdover damages in the amount of $50 per day (instead of $100 per day as requested by Rogers) since January 1, 2019. Although evidence showed the Anaheim property is in need of repairs, it is undisputed the property includes a two-story, 3,000 square-foot house with four bedrooms and three bathrooms, and is located in a good neighborhood.

In her opening brief, Mukutmoni does not argue insufficient evidence supports the court's findings. Instead, she asserts the trial court was prejudiced against her. Nothing in the record shows the trial court was in any way biased against Mukutmoni.

Without citing legal authority, she questions the trial court "accept[ing]" the testimony of Magro as an expert witness on trusts given he was Rogers's counsel in the probate court. But Magro's brief trial testimony largely consisted of summarizing the evidence and events of the probate case; Mukutmoni has not identified any portion of Magro's testimony that she contends is inaccurate or improper.

In her opening brief, Mukutmoni also argues she received poor representation by counsel in this unlawful detainer action during the time period in which

7

she was not self-represented. We express no opinion on the effectiveness of Mukutmoni's trial counsel because a party to a civil action is generally not entitled to a retrial based on ineffective assistance of counsel. (*Chevalier v. Dubin* (1980) 104 Cal.App.3d 975, 978-979 ["the right to counsel constitutional provisions refer specifically to criminal prosecutions, and hence do not apply to civil proceedings"]; see *In re Grunau* (2008) 169 Cal.App.4th 997, 1003 ["In a civil case, attorney negligence may be remediable by a malpractice action, and it may be better to relegate the aggrieved litigant to that remedy than to impair the finality of appellate judgments on the ground of counsel's deficient performance"].)

Finally, Mukutmoni argues she had "a good excuse and a strong meritorious defense to continue to live with [Masha] in [Trustor's] house without paying the rent while waiting for the probate court trial." She argues she "could not predict" the probate court would rule the 2013 Trust had not been revoked. She further argues the award of holdover damages constitutes "an unbearable burden."

Mukutmoni's arguments are without merit. Mukutmoni continued to occupy the Anaheim residence after indisputably receiving the 60-day notice to vacate and then service of the unlawful detainer action itself. She essentially argues that, because she believed she had a meritorious argument the Anaheim property belonged to her (and Masha), she was entitled to live there rent-free until her belief was proven to be untrue. The probate court found the 2013 Trust owned the property since the creation of the trust in 2013, and the trial court here found the 2013 Trust was thus entitled to holdover damages in the amount of the fair rental value of the Anaheim property. That Mukutmoni was only charged $50 per day from January 1, 2019 until judgment in the unlawful detainer action was entered in July 2021 to live in the described house at the Anaheim property cannot be reasonably characterized as punitive.

8

DISPOSITION

The judgment is affirmed.  Respondent shall recover costs on appeal.


MOTOIKE, J.

WE CONCUR:


SANCHEZ, ACTING P.J.


MARKS, J.*

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.